| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Alan Steven Wolf – Bar No. 94665<br>Caren Jacobs Castle – Bar No. 93888<br>Daniel K. Fujimoto – Bar No. 158575<br>The Wolf Firm, A Law Corporation<br>2955 Main Street, Second Floor<br>Irvine, CA 92614<br>Telephone: (949) 720-9200<br>Fax: (949) 608-0128<br>Email: wdk@wolffirm.com<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA** San Fernando Valley

| | |
|---|---|
| In re:<br>Jeffrey Wayne Todd dba SourcePro LLC dba SourcePro Corporation<br><br>Debtor(s). | CASE NO.: 1:16-bk-11270-VK<br>CHAPTER: 7<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)**<br><br>DATE: 8/3/2016<br>TIME: 9:30 am<br>COURTROOM: 301 |

**Movant:** Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2005--WL2, Asset-Backed Certificates, Series 2005-WL2

1. **Hearing Location**:
   - ☐ 255 East Temple Street, Los Angeles, CA 90012
   - ☒ 21041 Burbank Boulevard, Woodland Hills, CA 91367
   - ☐ 3420 Twelfth Street, Riverside, CA 92501
   - ☐ 411 West Fourth Street, Santa Ana, CA 92701
   - ☐ 1415 State Street, Santa Barbara, CA 93101

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) ___________ and (*time*) ___________; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 7/6/2016

The Wolf Firm, A Law Corporation
Printed name of law firm (if applicable)

Daniel K. Fujimoto
Printed name of individual Movant or attorney for Movant

/s/ Daniel K. Fujimoto
Signature of individual Movant or attorney for Movant

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☐ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☐ Other (*specify):*

2. **The Property at Issue (Property):**

   a. Address:

      *Street address*: 5431 Fulton Avenue,
      *Unit/suite number*:
      *City, state, zip code*: Los Angeles, CA 91401

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit 2 ):

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary bankruptcy petition under chapter ☐ 7 ☐ 11 ☐ 12 ☒ 13 was filed on (*date*) 4/27/2016 .

   b. ☒ An order to convert this case to chapter ☒ 7 ☐ 11 ☐ 12 ☐ 13 was entered on (*date*) 5/25/2016 .

   c. ☐ A plan, if any, was confirmed on (*date*) ___________.

4. **Grounds for Relief from Stay**:

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

      (1) ☒ Movant's interest in the Property is not adequately protected.

         (A) ☒ Movant's interest in the Property is not protected by an adequate equity cushion.

         (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

         (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

      (2) ☒ The bankruptcy case was filed in bad faith.

         (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

         (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

         (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

         (D) ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

         (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

         (F) ☒ Other (*see attached continuation page*).

(3) ☐ (*Chapter 12 or 13 cases only*)

(A) ☐ All payments on account of the Property are being made through the plan.
☐ Preconfirmation ☐ Postconfirmation plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

(B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on (*date*) ___________,
which is ☐ prepetition ☐ postpetition.

(6) ☐ For other cause for relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as “single asset real estate” as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☒ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor’s filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

(1) ☒ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

(2) ☒ Multiple bankruptcy cases affecting the Property.

5. ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other (*specify*):

6. **Evidence in Support of Motion: (D*eclaration(s) MUST be signed under penalty of perjury and attached to this motion*)**

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☐ Supplemental declaration(s).

c. ☒ The statements made by Debtor under penalty of perjury concerning Movant’s claims and the Property as set forth in Debtor’s case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit 4&5.

d. ☒ Other:
see attached continuation page

7. ☐ **An optional Memorandum of Points and Authorities is attached to this motion.**

**Movant requests the following relief:**

1. Relief from the stay is granted under: ☒ 11 U.S.C. § 362(d)(1) ☒ 11 U.S.C. § 362(d)(2) ☐ 11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☒ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement. Any such agreement shall be nonrecourse unless stated in a reaffirmation agreement.

4. ☐ Confirmation that there is no stay in effect.

5. ☐ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6. ☐ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
   ☐ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9. ☒ Relief from the stay is granted under 11 U.S.C. § 362(d)(4): If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☒ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
    ☐ without further notice, or ☒ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☒ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:
    ☐ without further notice, or ☒ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☐ If relief from stay is not granted, adequate protection shall be ordered.

14. ☒ See attached continuation page for other relief requested.

Date: 7/6/2016

THE WOLF FIRM, A LAW CORPORATION
Printed name of law firm (*if applicable)*

Daniel K. Fujimoto
Printed name of individual Movant or attorney for Movant

/s/ Daniel K. Fujimoto
Signature of individual Movant or attorney for Movant

## REAL PROPERTY DECLARATION

I, (*print name of Declarant*) Lisbeth Black, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

   a. ☐ I am the Movant.

   b. ☐ I am employed by Movant as (*state title and capacity*):

   c. ☒ Other (*specify*): I am employed as a Document Control Officer by Select Portfolio Servicing, Inc., servicing Agent for Movant.

2. a. ☒ SELECT PORTFOLIO SERVICING, INC. is ~~I am~~ one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (*see attached):*

3. The Movant is:

   a. ☐ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit _____.

   b. ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit 2&3.

   c. ☐ Servicing agent authorized to act on behalf of the:

      ☐ Holder.
      ☐ Beneficiary.

   d. ☐ Other (*specify):*

4. a. The address of the Property is:

   *Street address*: 5431 Fulton Avenue,
   *Unit/suite no.*:
   *City, state, zip code*: Los Angeles, CA 91401

   b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:

   05 0816173; Los Angeles County, CA

5. Type of property (*check all applicable boxes*):

a. ☒ Debtor's principal residence
b. ☐ Other residence
c. ☐ Multi-unit residential
d. ☐ Commercial
e. ☐ Industrial
f. ☐ Vacant land
g. ☐ Other (*specify*):

6. Nature of the Debtor's interest in the Property:

a. ☒ Sole owner

b. ☐ Co-owner(s) (*specify*):

c. ☐ Lienholder (*specify*):

d. ☐ Other (*specify*):

e. ☒ The Debtor ☒ did ☐ did not list the Property in the Debtor's schedules.

f. ☐ The Debtor acquired the interest in the Property by ☐ grant deed ☐ quitclaim deed ☐ trust deed.
The deed was recorded on (*date*) ___________.

7. Movant holds a ☒ deed of trust ☐ judgment lien ☐ other (*specify*) ______________________________ that encumbers the Property.

a. ☒ A true and correct copy of the document as recorded is attached as Exhibit 2____.

b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit 1____.

c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit 3____.

8. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ N/A | $ N/A | $ 701,146.79 |
| b. | Accrued interest: | $ N/A | $ N/A | $ 89,043.19 |
| c. | Late charges | $ N/A | $ N/A | $ 0.00 |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ N/A | $ N/A | $ 5417.53 |
| e. | Advances (property taxes, insurance): | $ N/A | $ N/A | $ 42,222.25 |
| f. | Less suspense account or partial balance paid: | $[ N/A] | $[ N/A] | $[ -584.29] |
| g. | TOTAL CLAIM as of (*date*): 6/3/2016 | $ 0.00 | $ 0.00 | $ 837,245.47 |

h. ☐ Loan is all due and payable because it matured on (*date*) ___________

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):

a. Notice of default recorded on (*date*) 5/16/2011 or ☐ none recorded.

b. Notice of sale recorded on (*date*) 9/16/2014 or ☐ none recorded.

c. Foreclosure sale originally scheduled for (*date*) 10/7/2014 or ☐ none scheduled.

d. Foreclosure sale currently scheduled for (*date*) ___________ or ☒ none scheduled.

e. Foreclosure sale already held on (*date*) ___________ or ☒ none held.

f. Trustee's deed upon sale already recorded on (*date*) ___________ or ☒ none recorded.

10. Attached (*optional*) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☒ (*chapter 7 and 11 cases only*) Status of Movant's loan:

a. Amount of current monthly payment as of the date of this declaration: $ 3,180.20 for the month of June 2016.

b. Number of payments that have come due and were not made: 65. Total amount: $ 90,425.99

c. Future payments due by time of anticipated hearing date (*if applicable*):

An additional payment of $ 3,180.20 will come due on (*date*) 7/1/2016, and on the 1st day of each month thereafter. If the payment is not received within n/a days of said due date, a late charge of $ n/a will be charged to the loan.

d. The fair market value of the Property is $ 735,000.00, established by:

(1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

(2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

(3) ☒ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit 4.

(4) ☐ Other (*specify*):

e. **Calculation of equity/equity cushion in Property:**

Based upon ☐ a preliminary title report ☒ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | Movant | $ | $ 837,245.47 |
| 2nd deed of trust: | FCI Lender Services, Inc. | $ 149,205.00 | $ |
| 3rd deed of trust: | Barry Fisher | $ 100,000.00 | $ |
| Judgment liens: | American Express Centurian Bank | $ 16,795.00 | $ |
| Taxes: | see Exhibit "5" for additonal liens | $ 137,829.00 | $ |
| Other: | | $ | $ |
| **TOTAL DEBT:** $ 1,241,074.47 | | | |

f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit 5 and consists of:

(1) ☐ Preliminary title report.

(2) ☒ Relevant portions of the Debtor's schedules.

(3) ☐ Other (*specify*):

g. ☒ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $ -102,245.47 and is 0 % of the fair market value of the Property.

h. ☒ **11 U.S.C. § 362(d)(2)(A) - Equity:**
By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $ -506,074.47.

i. ☒ Estimated costs of sale: $ 58,800.00 (estimate based upon 8 % of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because:

12. ☐ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: ___________.
A plan confirmation hearing currently scheduled for (or concluded on) the following date:___________.
A plan was confirmed on the following date (*if applicable*): ___________.

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit ______.)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid: $
(*For details of type and amount, see Exhibit* _____)

e. Attorneys' fees and costs: $
(*For details of type and amount, see Exhibit* _____)

f. Less suspense account or partial paid balance: $[ ]

TOTAL POSTPETITION DELINQUENCY: $ 0.00

g. Future payments due by time of anticipated hearing date (*if applicable*): ___________.
An additional payment of $_________________ will come due on ___________, and on the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late charge of $_______________ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):
$__________________ received on (*date*) ___________
$__________________ received on (*date*) ___________
$__________________ received on (*date*) ___________

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*) __________ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit ______.

16. ☐ Movant regained possession of the Property on (*date*) __________, which is ☐ prepetition ☐ postpetition.

17. ☒ The bankruptcy case was filed in bad faith:

   a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

   b. ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   d. ☐ Other (*specify*):

18. ☒ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

   a. ☒ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

   b. ☒ Multiple bankruptcy cases affecting the Property include:

      1. Case name: Diego P Diloretto and Letitia Jones Diloretto
         Chapter: 13 Case number: 1:14-bk-15604-MB
         Date filed: 12/22/2014 Date discharged: __________ Date dismissed: 04/23/2015
         Relief from stay regarding the Property ☐ was ☒ was not granted.

      2. Case name: Dale Silva
         Chapter: 13 Case number: 2:12-bk-38365-VZ
         Date filed: 08/20/2012 Date discharged: __________ Date dismissed: 12/13/2012
         Relief from stay regarding the Property ☐ was ☒ was not granted.

      3. Case name: Margarita Lucero
         Chapter: 7 Case number: 2:12-bk-19065-RN
         Date filed: 03/14/2012 Date discharged: __________ Date dismissed: 01/24/2013
         Relief from stay regarding the Property ☐ was ☒ was not granted.

   ☒ See attached continuation page for information about other bankruptcy cases affecting the Property.

   ☒ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit ____.

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 06/22/16 | Lisbeth Black<br>Document Control Officer<br>Select Portfolio Servicing, Inc. | Lisbeth Black |
| *Date* | *Printed name* | *Signature* |

The entity that has the right to foreclose is Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2005--WL2, Asset-Backed Certificates, Series 2005-WL2 by virtue of being owner and holder of the Note.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

2955 Main Street, Second Floor, Irvine, California 92614

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 7/6/2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Chapter 7 Trustee: Diane Weil (TR) dcw@dcweillaw.com, dweil@ecf.epiqsystems.com
U.S. Trustee: United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov
Debtor's Counsel: Steven L Bryson slblaw1@aol.com, ecf.SLB@gmail.com
Interested Party: Ramesh Singh claims@recoverycorp.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 7/6/2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: Jeffrey Wayne Todd, 11054 Ventura Blvd Ste 400, Studio City, CA 91604 (U.S. Mail)
Judge: Honorable Victoria S. Kaufman, United States Bankruptcy Court, Central District of California, 21041 Burbank Boulevard, Suite 354 / Courtroom 301, Woodland Hills, CA 91367, (U.S. Mail)

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/6/2016 | Thomas Coniglio | /s/Thomas Coniglio |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re: Jeffrey Wayne Todd dba SourcePro LLC dba SourcePro Corporation Debtor(s). | CHAPTER: 7<br>CASE NUMBER: 16-11270 |
|---|---|

**ADDITIONAL SERVICE INFORMATION** (if needed):

Interest Holder: Diego P Diloretto and Letitia Jones Diloretto, 6545 Columbus Ave., Van Nuys, CA 91411 (U.S. Mail)
Interest Holder: Dale Silva, 16322 Stone Grove Ln, Cerritos, CA 90703 (U.S. Mail)
Interest Holder: Margarita Lucero, 4748 Hammel St, Los Angeles, CA 90022 (U.S. Mail)
Interest Holder: Jamie E Lemus, 1214 E 42nd Place, Los Angeles, CA 90011 (U.S. Mail)
Interest Holder: Letitia Jones Diloretto, 15112 Marth Street, Van Nuys, CA 91411 (U.S. Mail)
Junior Lienholder: FCI Lender Services, Inc. P.O. Box 27370, Anaheim, CA 92809 (U.S. Mail)
Junior Lienholder: Barry Fisher 1925 Century Park East No. 2000, Century City, CA 90067 (U.S. Mail)
Lienholder: State of California, Franchise Tax Board, P.O. Box 942867, Sacramento, CA 94267 (U.S. Mail)
Lienholder: Internal Revenue Service, Centralized Insolvency Operations, PO Box 21126, Philadelphia, PA 119114 (U.S. Mail)
Lienholder: White, Zucherman, Warsavsky, Luna, Wolf & Hunt, LLP, 15490 Ventura Blvd., No. 300, Sherman Oaks, CA 91403 (U.S. Mail)

## CONTINUATION PAGE FOR PARAGRAPH #14 ON PAGE 5 OF MOTION FOR RELIEF: OTHER RELIEF REQUESTED

Multiple bankruptcy filings and/or transfers of interest in the subject property are being done as part of a bad faith scheme for the sole purpose of thwarting Movant's foreclosure proceedings. Pursuant to *In re Aheong*, Movant respectfully requests that the Court allow the Motion for Relief from the Automatic Stay to be heard in the event of dismissal for the purpose of granting in rem relief under 11 U.S.C. Section 362(d)(4). *Aheong v. Mellon Mortg. Co.* (*In Re Aheong*), 276 B.R. 233, (B.A.P. 9th Cir. 2002).

**CONTINUATION PAGE FOR PARAGRAPH #6(d) ON PAGE 4 OF MOTION FOR RELIEF; AND CONTINUATION PAGE FOR PARAGRAPH #18 ON PAGE 10 OF MOTION FOR RELIEF: FACTS ESTABLISHING THE BANKRUPTCY WAS USED AS PART OF A SCHEME TO DELAY, HINDER, OR DEFRAUD**

Movant presents the following facts to show that Debtor's/Debtors' bankruptcy was used as part of a scheme to hinder, delay, and thwart Movant's foreclosure proceedings:

1. On March 29, 2005, Jeffrey W Todd (hereinafter "Borrower") made and delivered to Long Beach Mortgage Company a Promissory Note secured by a Deed of Trust encumbering real property commonly known as 5431 Fulton Avenue, Los Angeles, CA 91401 ("Property").

2. There was a default under the terms of the Note and Deed of Trust. On May 16, 2011, a Notice of Default and Election to Sell was recorded.

3. On September 2, 2011, a Notice of Sale was recorded with the foreclosure sale scheduled for September 27, 2011.

4. On September 23, 2011, a grant deed was recorded in the Los Angeles County Recorder's Office in which Borrower purportedly granted interest in the Property to The Jeffrey Todd Revocable Trust, Jeffrey Todd, Letitia Jones Diloretto and Edelmira S Jacobo as Co-Trustees. A copy of the unauthorized grant deed is attached hereto as Exhibit "8" and incorporated herein by reference.

5. At the time the above referenced grant deed was recorded, Leitita Jones Diloretto was in an active voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned case number, **1:11-bk-21204-MT**. The case was filed on September 21, 2011. The case was dismissed on November 15, 2011, for failure to make plan payments and terminated on December 6, 2011. A true and correct copy of the PACER docket entries reflecting this information is attached hereto as Exhibit "9" and incorporated herein by reference.

6. On November 29, 2011, a grant deed was recorded in the Los Angeles County Recorder's Office in which Borrower purportedly granted interest in the Property to Jeffrey Todd, Jaime E Lemus and Jeanine Rittenburg as Co-Trustees of the Jeffrey Todd Revocable Trust. A copy of the unauthorized grant deed is attached hereto as Exhibit "10" and incorporated herein by reference.

7. At the time the above referenced grant deed was recorded, Jaime E Lemus was in an active voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned case number, **2:11-bk-58304-SK**. The case was filed on November 23, 2011. The case was dismissed on January 24, 2012 and terminated on January 4, 2013. A true and correct copy of the PACER docket entries reflecting this information is attached hereto as Exhibit "11" and incorporated herein by reference.

8. On February 27, 2012, a Notice of Sale was recorded with the foreclosure sale scheduled for March 19, 2012.

9. On March 15, 2012, a grant deed was recorded in the Los Angeles County Recorder's Office in which Borrower purportedly granted interest in the Property to Jeffrey Todd, Ismael Matos and Margarita Lucero as Co-Trustees of The Jeffrey Todd Revocable Trust. A copy of the unauthorized grant deed is attached hereto as Exhibit "12" and incorporated herein by reference.

10. At the time the above referenced grant deed was recorded, Margarita Lucero was in an active voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned case number, **2:12-bk-19065-RN**. The case was filed on March 14, 2012. The case was dismissed on January 24, 2013 for failure to file information and terminated on March 27, 2013. A true and correct copy of the PACER docket entries reflecting this information is attached hereto as Exhibit "13" and incorporated herein by reference.

11. On August 22, 2012, a grant deed was recorded in the Los Angeles County Recorder's Office in which Borrower purportedly granted interest in the Property to Jeffrey Todd, Dale Silva and Justiniano Jaojoco as Co-Trustees of The Jeffrey Todd

Revocable Trust. A copy of the unauthorized grant deed is attached hereto as Exhibit “14” and incorporated herein by reference.

12. At the time the above referenced grant deed was recorded, Dale Silva was in an active voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned case number, **2:12-bk-38365-VZ**. The case was filed on August 20, 2012. The case was dismissed on December 13, 2012 and terminated on October 4, 2013. A true and correct copy of the PACER docket entries reflecting this information is attached hereto as Exhibit "15" and incorporated herein by reference.

13. On October 18, 2012, Justiniano Jaojoco filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned case number **8:12-bk-22127-ES.** The case was dismissed on November 6, 2012 for failure to file information and terminated on May 21, 2013. A true and correct copy of the PACER docket entries reflecting this information is attached hereto as Exhibit "16" and incorporated herein by reference.

14. On October 22, 2012, a grant deed was recorded in the Los Angeles County Recorder’s Office in which Borrower purportedly granted interest in the Property to Jeffrey Todd, Roberto Lara and Ruby Almanza as Co-Trustees of The Jeffrey Todd Revocable Trust. A copy of the unauthorized grant deed is attached hereto as Exhibit “17” and incorporated herein by reference.

15. At the time the above referenced grant deed was recorded, Roberto William Lara was in an active voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned case number, **2:11-bk-58304-SK**. The case was filed on October 1, 2010. Movant had obtained an Order Granting Motion for Relief from the Automatic Stay entered on April 24, 2014. A true and correct copy of the Recorded Order Granting Motion for Relief from the Automatic Stay is attached hereto as Exhibit "6" and incorporated herein by reference. The case is still currently active and open. A true and correct copy of the PACER docket entries reflecting this information is attached hereto as Exhibit "7" and incorporated herein by reference.

16. On December 19, 2012, Justiniano S Jaojoco filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned case number **8:12-bk-24283-ES.** The case was dismissed on January 3, 2013 for failure to file information and terminated on May 15, 2013. A true and correct copy of the PACER docket entries reflecting this information is attached hereto as Exhibit "18" and incorporated herein by reference.

17. March 1, 2013, a Notice of Sale was recorded with the foreclosure sale scheduled for March 25, 2013. The foreclosure sale was postponed to a later date.

18. On September 16, 2014, a Notice of Sale was recorded with the foreclosure sale scheduled for October 7, 2014. The foreclosure sale was postponed to a later date.

19. On December 22, 2014, Diego P Diloretto and Letitia Jones Diloretto filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned case number **1:14-bk-15604-MB.** The case was dismissed on April 23, 2015 and terminated on July 21, 2015. A true and correct copy of the PACER docket entries reflecting this information is attached hereto as Exhibit "19" and incorporated herein by reference.

20. On April 27, 2016, Borrower filed the instant voluntary petition under Chapter 13 of the United States Bankruptcy Code.

# EXHIBIT 1

LOAN NO Redacted

# FIXED/ADJUSTABLE RATE NOTE

**(LIBOR Index - Rate Caps)**

**THIS NOTE PROVIDES FOR A CHANGE IN MY FIXED RATE TO AN ADJUSTABLE INTEREST RATE. THIS NOTE LIMITS THE AMOUNT MY ADJUSTABLE RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

**March 29, 2005** [Date] — **ANAHEIM** [City] — **CA** [State]

**5431 FULTON AVENUE, LOS ANGELES, CA 91401**
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ **615,200.00** (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is **LONG BEACH MORTGAGE COMPANY**. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of **6.950** %. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making payments every month.

I will make my monthly payments on the first day of each month beginning on **May 1, 2005**. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on **April 1, 2045**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at: **P.O. Box 2441, Chatsworth CA 91313-2441**

or at a different place if required by the Note Holder.

**(B) Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S. $ **3,800.72**. This amount may change.

**(C) Monthly Payment Changes**

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

## 4. ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES

**(A) Change Dates**

The initial fixed interest rate I will pay will change to an adjustable interest rate on the first day of **April, 2008**, and on that day every **6th** month thereafter. Each date on which my adjustable interest rate could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of the London interbank offered rates for six month dollar deposits in the London market based on quotations at five major banks ("LIBOR"), as set forth in the "Money Rates" section of *The Wall Street Journal*, or if the Money Rates section ceases to be published or becomes unavailable for any reason, then as set forth in a comparable publication selected by the Lender. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding **Four and Ninety Nine Hundredths** percentage point(s) ( **4.990** %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than **9.950** % or less than **6.950** %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than **One** percentage points ( **1.000** %)

from the rate of interest I have been paying for the preceding 6 months. My interest rate will never be greater than **12.950** %, which is called the "Maximum Rate" or less than **6.950** % which is called the "Minimum Rate".

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my adjustable interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of principal before they are due. Any payment of principal, before it is due, is known as a "prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment." A prepayment of the full amount of the unpaid principal is known as a "full prepayment."

If I make a full prepayment during the first **3** year(s) of the loan, I may be charged a fee that is equal to the lesser of either:

(a) The amount equal to the payment of six months advance interest on the amount prepaid in excess of 20 percent of the original principal amount, or

(b) The amount equal to (i) 3% of the original loan amount if the Noteholder receives the prepayment on or before the first anniversary date of the Note; (ii) 2% of the original loan amount if the Noteholder receives the prepayment after the first anniversary date but on or before the second anniversary date of the Note; (iii) 1% of the original loan amount if the Noteholder receives the prepayment after the second anniversary date but on or before the third anniversary date of the Note.

Thereafter, prepayment of the Note shall be permitted without any prepayment fee.

The prepayment fee shall be payable upon full prepayment, voluntary or involuntary; including but not limited to a prepayment resulting from Noteholder's permitted acceleration of the balance due on the Note. Notwithstanding the foregoing, nothing herein shall restrict my right to prepay at any time without penalty accrued but unpaid interest that has been added to principal.

When I make a full or partial prepayment, I will notify the Noteholder in writing that I am doing so. Any partial prepayment of principal shall be applied to interest accrued on the amount prepaid and then to the principal balance of the Note which shall not reduce the amount of monthly installments of principal and interest (until reamortized as set forth in the Note at the next Payment Change Date) nor relieve me of the obligation to make the installments each and every month until the Note is paid in full. Partial prepayments shall have no effect upon the due dates or the amounts of my monthly payments unless the Noteholder agrees in writing to such changes.

**6. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

**7. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of **FIFTEEN** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **6.000** % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

**(D) No Waiver by Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**8. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10. WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**11. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

(A) Until my initial fixed rate changes to an adjustable interest rate under the terms stated in Section 4 above, Uniform Covenant 17 of the Security Instrument provides as follows:

> **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.
>
> If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

(B) When my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section 4 above, Uniform Covenant 17 of the Security Instrument described in Section 11(A) above shall then cease to be in effect, and Uniform Covenant 17 of the Security Instrument shall instead provide as follows:

> **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.
>
> To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and Security Instrument unless Lender releases Borrower in writing.
>
> If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) ~~AND SEAL(S)~~ OF THE UNDERSIGNED.

| | |
|---|---|
| _______________ (Seal)<br>JEFFREY W TODD -Borrower | _______________ (Seal)<br>-Borrower |
| _______________ (Seal)<br>-Borrower | _______________ (Seal)<br>-Borrower |

[Sign Original Only]

Pay to the order of

Without Recourse
Long Beach Mortgage Company

Jess Almanza, Vice President

Angela Shepard, Assistant Vice President

# EXHIBIT 2

This page is part of your document - DO NOT DISCARD

1

05 0816173

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA
04/08/05 AT 08:00am

TITLE(S) : ______________________

LEAD SHEET

FEE

| | |
|---|---|
| FEE $ 64 | J |
| DAF $ 2 | |
| C-20 | 20 |

D.T.T.

NOTIFICATION SENT-$4

CODE
20

CODE
19

CODE
9____

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.

Number of AIN's Shown

THIS FORM IS NOT TO BE DUPLICATED

4/8/05

**PROVIDENT TITLE COMPANY**

Redacted

Recording Requested By:
LONG BEACH MORTGAGE COMPANY

05 0816173

Return To:
P.O. BOX 201085
STOCKTON, CA 95202

LOAN NO. Redacted

Prepared By:

Redacted

——[Space Above This Line For Recording Data]——

# DEED OF TRUST

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "**Security Instrument**" means this document, which is dated March 29, 2005, together with all Riders to this document.

**(B) "Borrower"** is

JEFFREY W TODD, A MARRIED MAN AS HIS ~~SEPARATE ESTATE~~ SOLE AND SEPARATE PROPERTY

Borrower's address is 4477 WOODMAN AVE, SHERMAN OAKS, CA 91401. Borrower is the trustor under this Security Instrument.

(C) "**Lender**" is LONG BEACH MORTGAGE COMPANY

Lender is a Corporation organized and existing under the laws of the State of Delaware.

4/8/05

3

Lender's address is 1400 S. DOUGLASS RD., SUITE 100,
ANAHEIM, CA 92806
Lender is the beneficiary under this Security Instrument.
**(D) "Trustee"** is LONG BEACH MORTGAGE COMPANY

**(E) "Note"** means the promissory note signed by Borrower and dated March 29, 2005 .
The Note states that Borrower owes Lender
Six Hundred Fifteen Thousand Two Hundred and no/100-------------------------------------------- Dollars
(U.S. $ 615,200.00 ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than April 1, 2045 .
**(F) "Property"** means the property that is described below under the heading "Transfer of Rights in the Property."
**(G) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
**(H) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

[X] Adjustable Rate Rider [ ] Condominium Rider [ ] Second Home Rider
[ ] Balloon Rider [ ] Planned Unit Development Rider [ ] 1-4 Family Rider
[ ] VA Rider [ ] Biweekly Payment Rider [ ] Other(s) [specify]

**(I) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
**(J) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
**(K) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
**(L) "Escrow Items"** means those items that are described in Section 3.
**(M) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
**(N) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.
**(O) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.
**(P) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard



05 0816173

4/8/05

4

to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(Q) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County [Type of Recording Jurisdiction] of LOS ANGELES [Name of Recording Jurisdiction]:

LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF

SEE EXHIBIT "A"
ATTACHED

Parcel ID Number: which currently has the address of
5431 FULTON AVENUE [Street]
LOS ANGELES [City], California 91401 [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S.



05 0816173

4/8/05

currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be

4/8/05

in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3. 6

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the

4/8/05

lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with

4/8/05

the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

8

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable

4/8/05

attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

**(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.**

-6(CA) (0207) Page 8 of 15 Initials: Form 3005 1/01
TDCA08 (04/02/04) PC
Lo Redacted

05 0816173

4/8/05

**(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.** 10

**11. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender

4/8/05

to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

4/8/05

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. 12

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA

Initials: [signature]


Loan No Redacted

05 0816173

4/8/05

requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser. 13

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.



05 0816173

4/8/05

14

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.**

**Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

**23. Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

**24. Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**25. Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.



05 0816173

4/8/05

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it. 15

Witnesses:

_______________ (Seal)
JEFFREY W TODD -Borrower

_______________ (Seal)
Gina S. Gomez ~~-Borrower~~

_______________ (Seal) -Borrower

_______________ (Seal) -Borrower

_______________ (Seal) -Borrower

_______________ (Seal) -Borrower

_______________ (Seal) -Borrower

_______________ (Seal) -Borrower

-6(CA) (0207) Page 14 of 15 Form 3005 1/01
TDCA14 (04/02/04) PC Loan No Redacted

05 0816173

4/8/05

16

State of California
County of Los Angeles } ss.

On March 30th, 2005 before me, Kirsten Tina Croll personally appeared

Jeffrey W. Todd

, personally known to me
(or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/~~are~~ subscribed to the within instrument and acknowledged to me that he/~~she/they~~ executed the same in his/~~her/their~~ authorized capacity(ies), and that by his/~~her/their~~ signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

[signature] (Seal)
Kirsten Tina Croll, notary public

KIRSTEN TINA CROLL
Commission # 1437031
Notary Public - California
Los Angeles County
My Comm. Expires Aug 30, 2007

VMP-6(CA) (0207)
TDCA15 (04/02/04) PC

Page 15 of 15

Initials: [initials]

Form 3005 1/01

Loan N Redacted

05 0816173

4/8/05

7

17

# ACKNOWLEDGEMENT

State of California
County of Los Angeles

On April 5, 2005 before me, Beatriz Minero, Notary Public,

personally appeared Gina S. Gomez

personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

BEATRIZ MINERO
Commission # 1496778
Notary Public - California
Los Angeles County
My Comm. Expires Jul 10, 2008

Witness my hand and official seal.

Beatriz Minero
(signature of Notary Public)

(place seal above)

This Certificate of Acknowledgement must be attached to:

Title or Type of Document: Deed of Trust
Number of Pages: 15
Date of Document: March 29, 2005
Signer(s) other than named above: Jeffrey W. Todd

05 0816173

4/8/05

18

# FIXED/ADJUSTABLE RATE RIDER

**(LIBOR Index - Rate Caps)**

THIS FIXED/ADJUSTABLE RATE RIDER is made on this **29th** day of **March**, **2005**, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Fixed/Adjustable Rate Note (the "Note") to :

**LONG BEACH MORTGAGE COMPANY**

(the"Lender") of the same date and covering the property described in the Security Instrument and located at:

**5431 FULTON AVENUE**
**LOS ANGELES, CA 91401**

[Property Address]

**THE NOTE PROVIDES FOR A CHANGE IN THE BORROWER'S FIXED INTEREST RATE AND TO AN ADJUSTABLE INTEREST RATE. THE NOTE LIMITS THE AMOUNT THE BORROWER'S ADJUSTABLE RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. ADJUSTABLE RATE AND MONTHLY PAYMENT CHANGES**

The Note provides for an initial fixed interest rate of **6.950** %. The Note also provides for a change in the initial fixed rate to an adjustable interest rate, as follows:

**1. ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES**

**(a) Change Dates**

The initial fixed interest rate will change to an adjustable interest rate on the first day of **April**, **2008**, and on the first day of the month every 6th month thereafter. Each date on which the adjustable interest rate could change is called a "Change Date."

**(b) The Index**

Beginning with the first Change Date, the interest rate will be based on an Index. The "Index" is the average of the London interbank offered rates for six month dollar deposits in the London market based on quotations at five major banks ("LIBOR"), as set forth in the "Money Rates" section of *The Wall Street Journal*, or if the Money Rates section ceases to be published or becomes unavailable for any reason, then as set forth in a comparable publication selected by the Lender. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

**(c) Calculation of Changes**

Before each Change Date, the Lender will calculate my new interest rate by adding **Four and Ninety Nine Hundredths** percentage point(s) ( **4.990** %) to the Current Index. The Lender will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 1(d) on the following page, this rounded amount will be the new interest rate until the next Change Date.

4/8/05

7

19

The Lender will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal balance as of the Change Date in full on the Maturity Date at the new interest rate in substantially equal payments. The result of this calculation will be the new monthly payment.

**(d) Limits on Interest Rate Changes**

The interest rate at the first Change Date will not be greater than 9.950 % or less than 6.950 %. Thereafter, the adjustable interest rate will never be increased or decreased on any single Change Date by more than One percentage points ( 1.000 %) from the rate of interest applicable during the preceding 6 months. The adjustable interest rate will never be greater than 12.950 %, which is called the "Maximum Rate" or less than 6.950 % which is called the "Minimum Rate".

**(e) Effective Date of Changes**

Each new adjustable interest rate will become effective on each Change Date. The amount of each new monthly payment will be due and payable on the first monthly payment date after the Change Date until the amount of the monthly payment changes again.

**(f) Notice of Changes**

The Lender will deliver or mail a notice of any changes in the adjustable interest rate and the amount of the new monthly payment to the Borrower before the effective date of any change. The notice will include information required by law to be given to the Borrower and also the title and telephone number of a person who will answer any questions regarding the notice.

**B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

1. Until Borrower's initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section A above, Uniform Covenant 17 of the Security Instrument provides as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

2. When Borrower's initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section A above, Uniform Covenant 17 of the Security Instrument contained in Section B(1) above shall then cease to be in effect, and Uniform Covenant 17 of the Security Instrument shall be amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if

4/8/05

exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender. 20

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Fixed/Adjustable Rate Rider.

_______________ (Seal) JEFFREY W TODD -Borrower

_______________ (Seal) -Borrower

_______________ (Seal) -Borrower

_______________ (Seal) -Borrower

Gina S. Gomez

[Sign Original Only]

4/8/05

4

EXHIBIT "A"

LOT 9 OF TRACT NO. 20127, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 519 PAGES 22 AND 23 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM THE NORTH 50 FEET.

ALSO EXCEPT THEREFROM THAT PORTION OF SAID LOT 9, LYING WITHIN THE WESTERLY 150 FEET OF LOT 114 OF TRACT NO. 1000, AS PER MAP RECORDED IN BOOK 19 PAGE 2 OF MAPS.

05 0816173

# EXHIBIT 3

This page is part of your document - DO NOT DISCARD

COUNTY OF LOS ANGELES CALIFORNIA

20090727292

Pages: 0003

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

05/18/09 AT 08:00AM

| | |
|---|---|
| FEES: | 15.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 15.00 |

LEADSHEET

200905180200003

00000537949

002109068

SEQ:
18

DAR - Title Company (Hard Copy)

THIS FORM IS NOT TO BE DUPLICATED

t79

05/18/2009
*20090727292*

2

RECORDING REQUESTED BY
CALIFORNIA RECONVEYANCE COMPANY

AND WHEN RECORDED MAIL TO
CALIFORNIA RECONVEYANCE COMPANY
9200 Oakdale Avenue
Mail Stop: CA2-4379
Chatsworth, CA 91311

Space above this line for recorder's use only

Trustee Sale I Redacted Loan N Redacted Title Order N Redacted

## IMPORTANT NOTICE

NOTE: After having been recorded, this Assignment should be kept with the Note and the Deed of Trust hereby assigned.

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL2 all beneficial interest under that certain Deed of Trust dated 03/29/2005, executed by JEFFREY W TODD, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY, as Trustor; to LONG BEACH MORTGAGE COMPANY as Trustee; and Recorded 04/08/2005, Book , Page , Instrument 05 0816173 of official records in the Office of the County Recorder of LOS ANGELES County, California. **APN:** 2344-015-009 **Situs:** 5431 FULTON AVENUE, , LOS ANGELES, CA 91401

TOGETHER with the note or notes therein described and secured thereby, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Deed of Trust including the right to have reconveyed, in whole or in part, the real property described therein.

DATE: May 15, 2009

JPMorgan Chase Bank, National Association, successor in interest to WASHINGTON MUTUAL BANK, SUCCESSOR IN INTEREST TO LONG BEACH MORTGAGE COMPANY

Deborah Brignac, Vice President



FA_MERGE.DOC

184

Trustee Sale N Redacted oan No. Redacted Title Order No. Redacted 3

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

On May 15, 2009 before me, CARLOS BERNAL, "Notary Public", personally appeared Deborah Brignac, , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature ____________________(Seal)

CARLOS BERNAL
Commission # 1751658
Notary Public - California
Los Angeles County
MyComm. Expires Jun 18, 2011

2

FA_MERGE.DOC

# EXHIBIT 4

**Fill in this information to identify your case and this filing:**

Debtor 1: Jeffrey (First Name) Wayne (Middle Name) Todd (Last Name)

Debtor 2 (Spouse, if filing): First Name ____ Middle Name ____ Last Name ____

United States Bankruptcy Court for the: Central District of California

Case number: 1:16-bk-11270-VK

☐ Check if this is an amended filing

Official Form 106A/B

# Schedule A/B: Property

12/15

**In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

## Part 1: Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.
☒ Yes. Where is the property?

1.1. 5431 Fulton Ave.
Street address, if available, or other description

Sherman Oaks CA 91401
City State ZIP Code

Los Angeles
County

**What is the property?** Check all that apply.
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other ____

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☒ At least one of the debtors and another

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?** $735,000.00
**Current value of the portion you own?** $735,000.00

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**
____

☐ **Check if this is community property** (see instructions)

**Other information you wish to add about this item, such as local property identification number:** ____

If you own or have more than one, list here:

1.2. ____
Street address, if available, or other description

____
City State ZIP Code

____
County

**What is the property?** Check all that apply.
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other ____

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?** $____
**Current value of the portion you own?** $____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**
____

☐ **Check if this is community property** (see instructions)

**Other information you wish to add about this item, such as local property identification number:** ____

1.3. ______________________
Street address, if available, or other description

______________________

City State ZIP Code

______________________
County

**What is the property?** Check all that apply.
- ❑ Single-family home
- ❑ Duplex or multi-unit building
- ❑ Condominium or cooperative
- ❑ Manufactured or mobile home
- ❑ Land
- ❑ Investment property
- ❑ Timeshare
- ❑ Other ______________

**Who has an interest in the property?** Check one.
- ❑ Debtor 1 only
- ❑ Debtor 2 only
- ❑ Debtor 1 and Debtor 2 only
- ❑ At least one of the debtors and another

**Other information you wish to add about this item, such as local property identification number:** ______________

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $__________ | $__________ |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

______________

❑ **Check if this is community property** (see instructions)

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.** ........ ➔ $ 735,000.00

## Part 2: Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**
- ☒ No
- ❑ Yes

3.1. Make: __________
Model: __________
Year: __________
Approximate mileage: __________
Other information:

**Who has an interest in the property?** Check one.
- ❑ Debtor 1 only
- ❑ Debtor 2 only
- ❑ Debtor 1 and Debtor 2 only
- ❑ At least one of the debtors and another

❑ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $__________ | $__________ |

If you own or have more than one, describe here:

3.2. Make: __________
Model: __________
Year: __________
Approximate mileage: __________
Other information:

**Who has an interest in the property?** Check one.
- ❑ Debtor 1 only
- ❑ Debtor 2 only
- ❑ Debtor 1 and Debtor 2 only
- ❑ At least one of the debtors and another

❑ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $__________ | $__________ |

Debtor 1 Jeffrey Wayne To[illegible] Case number (*if known*) 1:16-bk-11270-VK
First Name Middle Name Last Name

3.3. Make: ____
Model: ____
Year: ____
Approximate mileage: ____
Other information:

**Who has an interest in the property?** Check one.
- ❑ Debtor 1 only
- ❑ Debtor 2 only
- ❑ Debtor 1 and Debtor 2 only
- ❑ At least one of the debtors and another

❑ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| **Current value of the entire property?** | **Current value of the portion you own?** |
|---|---|
| $____ | $____ |

3.4. Make: ____
Model: ____
Year: ____
Approximate mileage: ____
Other information:

**Who has an interest in the property?** Check one.
- ❑ Debtor 1 only
- ❑ Debtor 2 only
- ❑ Debtor 1 and Debtor 2 only
- ❑ At least one of the debtors and another

❑ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| **Current value of the entire property?** | **Current value of the portion you own?** |
|---|---|
| $____ | $____ |

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**

*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

- ☒ No
- ❑ Yes

4.1. Make: ____
Model: ____
Year: ____
Other information:

**Who has an interest in the property?** Check one.
- ❑ Debtor 1 only
- ❑ Debtor 2 only
- ❑ Debtor 1 and Debtor 2 only
- ❑ At least one of the debtors and another

❑ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| **Current value of the entire property?** | **Current value of the portion you own?** |
|---|---|
| $____ | $____ |

If you own or have more than one, list here:

4.2. Make: ____
Model: ____
Year: ____
Other information:

**Who has an interest in the property?** Check one.
- ❑ Debtor 1 only
- ❑ Debtor 2 only
- ❑ Debtor 1 and Debtor 2 only
- ❑ At least one of the debtors and another

❑ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| **Current value of the entire property?** | **Current value of the portion you own?** |
|---|---|
| $____ | $____ |

5. **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here** ........ ➔ $ 0.00

Debtor 1 Jeffrey (First Name) Wayne (Middle Name) Tod[illegible] (Last Name) Case number (*if known*) 1:16-bk-11270-VK

**Part 3: Describe Your Personal and Household Items**

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|
| 6. **Household goods and furnishings**<br>*Examples*: Major appliances, furniture, linens, china, kitchenware<br>☐ No<br>☒ Yes. Describe......... misc household goods | $2,500.00 |
| 7. **Electronics**<br>*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games<br>☐ No<br>☒ Yes. Describe......... | $500.00 |
| 8. **Collectibles of value**<br>*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles<br>☒ No<br>☐ Yes. Describe......... | $ |
| 9. **Equipment for sports and hobbies**<br>*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments<br>☒ No<br>☐ Yes. Describe......... | $ |
| 10. **Firearms**<br>*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment<br>☒ No<br>☐ Yes. Describe......... | $ |
| 11. **Clothes**<br>*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories<br>☐ No<br>☒ Yes. Describe......... misc clothing | $600.00 |
| 12. **Jewelry**<br>Examples: Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver<br>☒ No<br>☐ Yes. Describe......... | $ |
| 13. **Non-farm animals**<br>*Examples:* Dogs, cats, birds, horses<br>☐ No<br>☒ Yes. Describe......... 2 dogs | $ 500.00 |
| 14. **Any other personal and household items you did not already list, including any health aids you did not list**<br>☒ No<br>☐ Yes. Give specific information............... | $ |
| 15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ........ ➔ | $4,100.00 |

Debtor 1 Jeffrey (First Name) Wayne (Middle Name) To (Last Name) Case number (*if known*) 1:16-bk-11270-VK

## Part 4: Describe Your Financial Assets

**Do you own or have any legal or equitable interest in any of the following?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

16. **Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No
☒ Yes ........ Cash: ........ $1,000.00

17. **Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No
☒ Yes ........

| | Institution name: | |
|---|---|---|
| 17.1. Checking account: | | $ |
| 17.2. Checking account: | | $ |
| 17.3. Savings account: | Wells Fargo Bank | $800.00 |
| 17.4. Savings account: | | $ |
| 17.5. Certificates of deposit: | | $ |
| 17.6. Other financial account: | | $ |
| 17.7. Other financial account: | | $ |
| 17.8. Other financial account: | | $ |
| 17.9. Other financial account: | | $ |

18. **Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

☒ No
☐ Yes ........ Institution or issuer name:

$
$
$

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☐ No
☒ Yes. Give specific information about them. ........

| Name of entity: | % of ownership: | |
|---|---|---|
| Managing member of Source Pro, LLC. Not operating and has no assets. | % | $0.00 |
| 100% interest in Smart Dog Training Academy, Inc. | 100 % | $5,000.00 |
| | % | $ |

Case 1:16-bk-11270-VK Doc 20 Filed 05/27/16 Entered 05/27/16 12:02:24 Desc Main Document Page 8 of 55


20. **Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☒ No
☐ Yes. Give specific information about them. .................... Issuer name:

| | |
|---|---|
| ______ | $______ |
| ______ | $______ |
| ______ | $______ |

21. **Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☒ No
☐ Yes. List each account separately..

| Type of account: | Institution name: | |
|---|---|---|
| 401(k) or similar plan: | ______ | $______ |
| Pension plan: | ______ | $______ |
| IRA: | ______ | $______ |
| Retirement account: | ______ | $______ |
| Keogh: | ______ | $______ |
| Additional account: | ______ | $______ |
| Additional account: | ______ | $______ |

22. **Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

☒ No
☐ Yes..........................

| | Institution name or individual: | |
|---|---|---|
| Electric: | ______ | $______ |
| Gas: | ______ | $______ |
| Heating oil: | ______ | $______ |
| Security deposit on rental unit: | ______ | $______ |
| Prepaid rent: | ______ | $______ |
| Telephone: | ______ | $______ |
| Water: | ______ | $______ |
| Rented furniture: | ______ | $______ |
| Other: | ______ | $______ |

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☒ No
☐ Yes.......................... Issuer name and description:

| | |
|---|---|
| ______ | $______ |
| ______ | $______ |
| ______ | $______ |

Case 1:16-bk-11270-VK Doc 20 Filed 05/27/16 Entered 05/27/16 12:02:24 Desc Main Document Page 9 of 65

Debtor 1 Jeffrey Wayne Todd Case number (if known) 1:16-bk-11270-VK
First Name Middle Name Last Name

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☒ No
☐ Yes .................................... Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

$
$
$

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☐ No
☒ Yes. Give specific information about them. .. The Jeffrey Todd Revocable Trust $0.00

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples*: Internet domain names, websites, proceeds from royalties and licensing agreements

☒ No
☐ Yes. Give specific information about them. .. $

27. **Licenses, franchises, and other general intangibles**
*Examples*: Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☒ No
☐ Yes. Give specific information about them. .. $

**Money or property owed to you?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**

☒ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years. ......................

Federal: $
State: $
Local: $

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☒ No
☐ Yes. Give specific information. .............

Alimony: $
Maintenance: $
Support: $
Divorce settlement: $
Property settlement: $

30. **Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

☒ No
☐ Yes. Give specific information. ............... $

Case 1:16-bk-11270-VK Doc 20 Filed 05/27/16 Entered 05/27/16 12:02:24 Desc Main Document Page 10 of 65

Debtor 1 Jeffrey (First Name) Wayne (Middle Name) To... (Last Name) Case number (*if known*) 1:16-bk-11270-VK

31. **Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☐ No
☒ Yes. Name the insurance company of each policy and list its value. ...

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| See Attachment 1 | | $ 8,968.00 |
| | | $ |
| | | $ |

32. **Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

☒ No
☐ Yes. Give specific information. ............ $

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☒ No
☐ Yes. Describe each claim. .................... $

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☒ No
☐ Yes. Describe each claim. .................... $

35. **Any financial assets you did not already list**

☒ No
☐ Yes. Give specific information. ........... $

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here** ........ ➔ $ 15,768.00

## Part 5: Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37. **Do you own or have any legal or equitable interest in any business-related property?**

☐ No. Go to Part 6.
☒ Yes. Go to line 38.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

38. **Accounts receivable or commissions you already earned**

☐ No
☒ Yes. Describe ...... account receivables owed to Smart Dogs Training Academy, Inc. $ 1,500.00

39. **Office equipment, furnishings, and supplies**
*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☐ No
☒ Yes. Describe ...... computer, monitor, printer, desk, chair, couch held by Smart Dogs Training Academy, Inc. $ 600.00

Case 1:16-bk-11270-VK Doc 20 Filed 05/27/16 Entered 05/27/16 12:02:24 Desc Main Document Page 11 of 65


40. **Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

- ❑ No
- ☒ Yes. Describe....... leashes, kennels, portable kennels, collars, electronic collars, dog beds, owned by Smart Dogs Training Academy, Inc. — $300.00

41. **Inventory**

- ☒ No
- ❑ Yes. Describe....... $

42. **Interests in partnerships or joint ventures**

- ☒ No
- ❑ Yes. Describe.......

| Name of entity: | % of ownership: | |
|---|---|---|
| | % | $ |
| | % | $ |
| | % | $ |

43. **Customer lists, mailing lists, or other compilations**

- ☒ No
- ❑ Yes. **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))**?**
  - ☒ No
  - ❑ Yes. Describe......... $

44. **Any business-related property you did not already list**

- ☒ No
- ❑ Yes. Give specific information ......... $ / $ / $ / $ / $ / $

45. **Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached for Part 5. Write that number here** ........ ➔ $2,400.00

**Part 6: Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.**
**If you own or have an interest in farmland, list it in Part 1.**

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

- ☒ No. Go to Part 7.
- ❑ Yes. Go to line 47.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

47. **Farm animals**

*Examples*: Livestock, poultry, farm-raised fish

- ☒ No
- ❑ Yes.......................... $

Case 1:16-bk-11270-VK Doc 20 Filed 05/27/16 Entered 05/27/16 12:02:24 Desc Main Document Page 12 of 65

Debtor 1 Jeffrey (First Name) Wayne (Middle Name) To[illegible] (Last Name) Case number (*if known*) 1:16-bk-11270-VK

48. **Crops—either growing or harvested**

☒ No
☐ Yes. Give specific information. ............ $____________

49. **Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☒ No
☐ Yes.......................... $____________

50. **Farm and fishing supplies, chemicals, and feed**

☒ No
☐ Yes.......................... $____________

51. **Any farm- and commercial fishing-related property you did not already list**

☒ No
☐ Yes. Give specific information. ............ $____________

52. **Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached for Part 6. Write that number here** ........ ➔ $0.00

## Part 7: Describe All Property You Own or Have an Interest in That You Did Not List Above

53. **Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership

☒ No
☐ Yes. Give specific information. ............ $____________ $____________ $____________

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ........ ➔ $____________

## Part 8: List the Totals of Each Part of this Form

| | | | |
|---|---|---|---|
| 55. **Part 1: Total real estate, line 2** ........ | | ➔ | $735,000.00 |
| 56. **Part 2: Total vehicles, line 5** | $0.00 | | |
| 57. **Part 3: Total personal and household items, line 15** | $4,100.00 | | |
| 58. **Part 4: Total financial assets, line 36** | $15,768.00 | | |
| 59. **Part 5: Total business-related property, line 45** | $2,400.00 | | |
| 60. **Part 6: Total farm- and fishing-related property, line 52** | $0.00 | | |
| 61. **Part 7: Total other property not listed, line 54** | + $0.00 | | |
| 62. **Total personal property.** Add lines 56 through 61. .................. | $22,268.00 | Copy personal property total ➔ | + $22,268.00 |
| 63. **Total of all property on Schedule A/B.** Add line 55 + line 62. ........ | | | $757,268.00 |

# Attachment
## Debtor: Jeffrey Wayne Todd Case No: 1:16-bk-11270-VK

Attachment 1

USAA whole life police. Death value is $394,494.97.

# EXHIBIT 5

**Fill in this information to identify your case:**

Debtor 1: Jeffrey Wayne Todd
First Name / Middle Name / Last Name

Debtor 2 (Spouse, if filing): ____
First Name / Middle Name / Last Name

United States Bankruptcy Court for the: Central District of California

Case number (If known): 1:16-bk-11270-VK

❑ Check if this is an amended filing

Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).**

1. **Do any creditors have claims secured by your property?**
   - ❑ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   - ☒ Yes. Fill in all of the information below.

## Part 1: List All Secured Claims

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A **Amount of claim** Do not deduct the value of collateral. | Column B **Value of collateral that supports this claim** | Column C **Unsecured portion** If any |
|---|---|---|---|
| 2.1 American Express Centurian Bank | $16,795.00 | $735,000.00 | $ |
| 2.2 Barry Fisher | $100,000.00 | $735,000.00 | $ |

**2.1**

Creditor's Name: American Express Centurian Bank
Number Street: ____
City State ZIP Code: ____

**Describe the property that secures the claim:** residence

**As of the date you file, the claim is:** Check all that apply.
- ❑ Contingent
- ❑ Unliquidated
- ❑ Disputed

**Who owes the debt?** Check one.
- ☒ Debtor 1 only
- ❑ Debtor 2 only
- ❑ Debtor 1 and Debtor 2 only
- ❑ At least one of the debtors and another

❑ **Check if this claim relates to a community debt**

**Nature of lien**. Check all that apply.
- ❑ An agreement you made (such as mortgage or secured car loan)
- ❑ Statutory lien (such as tax lien, mechanic's lien)
- ☒ Judgment lien from a lawsuit
- ❑ Other (including a right to offset) ____

**Date debt was incurred** 12/20/2010

**Last 4 digits of account number** ___ ___ ___ ___

**2.2**

Creditor's Name: Barry Fisher
Number Street: 1925 Century Park East No. 2000
City State ZIP Code: Century City CA 90067

**Describe the property that secures the claim:** Residence

**As of the date you file, the claim is:** Check all that apply.
- ❑ Contingent
- ❑ Unliquidated
- ☒ Disputed

**Who owes the debt?** Check one.
- ☒ Debtor 1 only
- ❑ Debtor 2 only
- ❑ Debtor 1 and Debtor 2 only
- ❑ At least one of the debtors and another

❑ **Check if this claim relates to a community debt**

**Nature of lien**. Check all that apply.
- ❑ An agreement you made (such as mortgage or secured car loan)
- ❑ Statutory lien (such as tax lien, mechanic's lien)
- ❑ Judgment lien from a lawsuit
- ❑ Other (including a right to offset) ____

**Date debt was incurred** ____

**Last 4 digits of account number** ___ ___ ___ ___

**Add the dollar value of your entries in Column A on this page. Write that number here:** $116,795.00

Case 1:16-bk-11270-VK Doc 20 Filed 05/27/16 Entered 05/27/16 12:02:24 Desc
Main Document Page 18 of 69

Debtor 1 Jeffrey Wayne Todd (First Name, Middle Name, Last Name) Case number (if known) 1:16-bk-11270-VK

**Part 1: Additional Page**

**After listing any entries on this page, number them beginning with 2.3, followed by 2.4, and so forth.**

| | Column A **Amount of claim** Do not deduct the value of collateral. | Column B **Value of collateral that supports this claim** | Column C **Unsecured portion** If any |
|---|---|---|---|
| 23 | $ 149,205.00 | $ 735,000.00 | $ 149,205.00 |
| 24 | $ 46,419.00 | $ 735,000.00 | $ |
| 25 | $ 0.00 | $ 735,000.00 | $ |

**23** FCI Lender Services, Inc.
Creditor's Name
P.O. Box 27370
Number Street
Anaheim CA 92809
City State ZIP Code

**Describe the property that secures the claim:** residence located at 5431 Fulton Avenue, Sherman Oaks, CA 91401

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Who owes the debt?** Check one.
- ☒ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim relates to a community debt**

**Nature of lien**. Check all that apply.
- ☒ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☐ Other (including a right to offset) ____________

**Date debt was incurred** 2005

**Last 4 digits of account number** 1 6 6 0

**24** Internal Revenue Service
Creditor's Name
See Attachment 1
Number Street
Philadelphia PA See
City State ZIP Code

**Describe the property that secures the claim:** residence

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Who owes the debt?** Check one.
- ☒ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim relates to a community debt**

**Nature of lien**. Check all that apply.
- ☐ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☐ Other (including a right to offset) ____________

**Date debt was incurred** ____________

**Last 4 digits of account number** ___ ___ ___ ___

**25** See Attachment 2
Creditor's Name
Number Street
City State ZIP Code

**Describe the property that secures the claim:** residence

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Who owes the debt?** Check one.
- ☒ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim relates to a community debt**

**Nature of lien**. Check all that apply.
- ☐ An agreement you made (such as mortgage or secured car loan)
- ☒ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☐ Other (including a right to offset) ____________

**Date debt was incurred** 8/6/2010

**Last 4 digits of account number** ___ ___ ___ ___

**Add the dollar value of your entries in Column A on this page. Write that number here:** $ 195,624.00

**If this is the last page of your form, add the dollar value totals from all pages. Write that number here:** $____________

Debtor 1 Jeffrey Wayne Todd (First Name / Middle Name / Last Name) Case number (if known) 1:16-bk-11270-VK

**Part 1:** **Additional Page**

**After listing any entries on this page, number them beginning with 2.3, followed by 2.4, and so forth.**

| | Column A **Amount of claim** Do not deduct the value of collateral. | Column B **Value of collateral that supports this claim** | Column C **Unsecured portion** If any |
|---|---|---|---|
| 2.6 | $ 832,851.00 | $ 735,000.00 | $ 132,851.00 |
| 2.7 | $ 66,410.00 | $ 735,000.00 | $ |
| 2.8 | $ 25,000.00 | $ 735,000.00 | $ |

**2.6** Select Portfolio Servicing, Inc.
Creditor's Name
P.O. Box 65250
Number Street

Salt Lake City UT 84165
City State ZIP Code

**Describe the property that secures the claim:** Residence located at 5431 Fulton Ave., Sherman Oaks, CA 91401

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Who owes the debt?** Check one.
- ☒ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim relates to a community debt**

**Nature of lien**. Check all that apply.
- ☒ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☐ Other (including a right to offset) ____________

**Date debt was incurred** 2005

**Last 4 digits of account number** 5 2 8 8

**2.7** State of California
Creditor's Name
Franchise Tax Board
Number Street
P.O. Box 942867
Sacramento CA See
City State ZIP Code

**Describe the property that secures the claim:** residence

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Who owes the debt?** Check one.
- ☒ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim relates to a community debt**

**Nature of lien**. Check all that apply.
- ☐ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☐ Other (including a right to offset) ____________

**Date debt was incurred** ____________

**Last 4 digits of account number** ___ ___ ___ ___

**2.8** See Attachment 4
Creditor's Name
15490 Ventura Blvd.
Number Street
No. 300
Sherman Oaks CA 91403
City State ZIP Code

**Describe the property that secures the claim:** Residence

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Who owes the debt?** Check one.
- ☒ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim relates to a community debt**

**Nature of lien**. Check all that apply.
- ☐ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☒ Other (including a right to offset) See Attachment 4

**Date debt was incurred** ____________

**Last 4 digits of account number** ___ ___ ___ ___

**Add the dollar value of your entries in Column A on this page. Write that number here:** $ 924,261.00

**If this is the last page of your form, add the dollar value totals from all pages. Write that number here:** $ 1,236,680.00

Case 1:16-bk-11270-VK Doc 20 Filed 05/27/16 Entered 05/27/16 12:02:24 Desc
Main Document Page 20 of 69

Debtor 1 Jeffrey Wayne Todd
First Name Middle Name Last Name
Case number (*if known*) 1:16-bk-11270-VK

**Part 2: List Others to Be Notified for a Debt That You Already Listed**

**Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.**

☐ California TD Specialists
Name
8190 East Kaiser Blvd.
Number Street

Anaheim Hills CA 92808
City State ZIP Code

**On which line in Part 1 did you enter the creditor?** 2.3
**Last 4 digits of account number** ___ ___ ___ ___

☐ Quality Loan Serice Corp
Name
411 Ivy St.
Number Street

San Diego CA 92101
City State ZIP Code

**On which line in Part 1 did you enter the creditor?** 2.6
**Last 4 digits of account number** ___ ___ ___ ___

☐ ____
Name
Number Street
City State ZIP Code

**On which line in Part 1 did you enter the creditor?** _____
**Last 4 digits of account number** ___ ___ ___ ___

☐ ____
Name
Number Street
City State ZIP Code

**On which line in Part 1 did you enter the creditor?** _____
**Last 4 digits of account number** ___ ___ ___ ___

☐ ____
Name
Number Street
City State ZIP Code

**On which line in Part 1 did you enter the creditor?** _____
**Last 4 digits of account number** ___ ___ ___ ___

☐ ____
Name
Number Street
City State ZIP Code

**On which line in Part 1 did you enter the creditor?** _____
**Last 4 digits of account number** ___ ___ ___ ___

# Attachment
## Debtor: Jeffrey Wayne Todd Case No: 1:16-bk-11270-VK

Attachment 1

Centralized Insolvency Operations, PO Box 21126
19114-0326

Attachment 2

Los Angeles County Dept of Child Support Services

Attachment 3

94267-0011

Attachment 4

White, Zuckerman, Warsavsky, Luna, Wolf & Hunt, LLP
Lien on debtor's residence

# EXHIBIT 6

ECORDING REQUESTED BY
Alex Crortuz
HEN RECORDED MAIL TO
AME McCarthy & Holthus, LLC
AILING 1770 Forth Avenue
TY, STATE ZIP CODE
San Diego, CA 92101

CO
04/28/2014
*20140435786*
Has not
Original ng
has been completed.
LOS ANGELES COUNTY REGISTRAR-RECORDER

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

TITLE(S)

Order

S BANKRUPTCY COURT - CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT - CENTRAL DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

UNITED STATES BANKRUPTCY COURT - CENTRAL DISTRICT OF CALIFORNIA

## Central District of California

I hereby attest and certify that on 4-28-14 the attached reproduction(s), containing 1 pages, is a full, true and correct copy of the complete document entitled: Order Granting Motion For Relief from the Automatic Stay Under [illegible] (Real Property).

Case #: 2:10-bk-52203 Doc #:

which includes: ☐ Exhibits ☐ Attachments

on file in my office and in my legal custody at the marked location:

☒ 255 E. Temple Street, Suite 940
Los Angeles, CA 90012

☐ 3420 Twelfth Street, Suite 125
Riverside, CA 92501-3819

☐ 411 West 4th Street, Suite 2074
Santa Ana, CA 92701-4593

☐ 1415 State Street
Santa Barbara, CA 93101-2511

☐ 21041 Burbank Boulevard
Woodland Hills, CA 91367

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: K. Cole
Deputy Clerk

**THIS CERTIFICATION IS VALID ONLY WITH THE UNITED STATES BANKRUPTCY COURT SEAL.**

UNITED STATES BANKRUPTCY COURT - CENTRAL DISTRICT OF CALIFORNIA

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address
JaVonne M. Phillips, Esq. SBN 187474
Merdaud Jafarnia, Esq. SBN 217262
**McCarthy & Holthus, LLP**
1770 Fourth Avenue
San Diego, CA 92101
Phone (877) 369-6122
Fax (619) 685-4810

☒ *Attorney for Movant(s)*
☐ *Movant(s) appearing without an attorney*

FOR COURT USE ONLY

FILED & ENTERED

APR 24 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY beauchamDEPUTY CLERK

CHANGES MADE BY COURT

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

In re:

Roberto William Lara aka R. William Lara
Shannon Elizabeth Lara,

Debtor(s).

CASE NO.: 2:10-bk-52203-WB

CHAPTER: 13

**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)**

DATE: 4/22/2014
TIME: 10:00AM
COURTROOM: 1375
PLACE: 255 E. Temple Street, Los Angeles, CA

Movant: **Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates, Series 2005-WL2, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc.**

1. The Motion was: ☐ Opposed ☒ Unopposed ☐ Settled by stipulation

2. The Motion affects the following real property (Property):

   Street address: 5431 Fulton Avenue
   Unit number:
   City, state, zip code: Los Angeles, CA 91401

   Legal description or document recording number (including county of recording): 05 0816173, Los Angeles County, California
   ☒ See attached page.

3. The Motion is granted under: ☐ 11 U.S.C. § 362(d)(1) ☐ 11 U.S.C. § 362(d)(2) ☐ 11 U.S.C. § 362(d)(3) ☒ 11 U.S.C. § 362(d)(4)

4. As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☒ Terminated as to Debtor and Debtor's bankruptcy estate.
   b. ☐ Annulled retroactively to the date of the bankruptcy petition filing.
   c. ☐ Modified or conditioned as set forth in Exhibit ____ to this Order.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

6. Movant must not conduct a foreclosure sale before the following date (*specify*): ______________________

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8. ☒ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9. ☒ The filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved either:

   ☒ transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval.

   ☒ multiple bankruptcy filings affecting the Property.

If recorded in compliance with applicable state law governing notices of interests or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of this Order for indexing and recording.

10. This court further orders as follows:

a. ☒ The 14-day stay as provided in FRBP 4001(a)(3) is waived.
b. ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply (*attach Optional Form F 4001-10-ER*).
c. ☐ See attached continuation page for additional provisions.

###

Date: April 24, 2014

Julia W Brand
Julia W. Brand
United States Bankruptcy Judge

## Legal Description

## EXHIBIT "A"

LOT 9 OF TRACT NO. 20127, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 519 PAGES 22 AND 23 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM THE NORTH 50 FEET.

ALSO EXCEPT THEREFROM THAT PORTION OF SAID LOT 9, LYING WITHIN THE WESTERLY 150 FEET OF LOT 114 OF TRACT NO. 1000, AS PER MAP RECORDED IN BOOK 19 PAGE 2 OF MAPS.

# EXHIBIT 7

## U.S. Bankruptcy Court
## Central District of California (Los Angeles)
## Bankruptcy Petition #: 2:10-bk-52203-WB

*Assigned to:* Julia W. Brand
Chapter 13
Voluntary
Asset

*Date filed:* 10/01/2010
*341 meeting:* 11/16/2010
*Deadline for filing claims:* 02/14/2011
*Deadline for filing claims (govt.):* 03/30/2011

***Debtor***
**Roberto William Lara**
22531 Paraguay Drive
Santa Clarita, CA 91350
LOS ANGELES-CA
SSN / ITIN: xxx-xx-9027
***aka*** **R. William Lara**

represented by **Steven A Alpert**
15760 Ventura Blvd Ste 800
Encino, CA 91436
818-995-4540
Email: enotice@pricelawgroup.com

**Allan S Williams**
Williams Law Group APC
21600 Oxnard St Ste 320
Woodland Hills, CA 91367
818-451-1111
Fax : 818-451-1112
Email: allan@aswlawgroup.com

***Joint Debtor***
**Shannon Elizabeth Lara**
22531 Paraguay Drive
Santa Clarita, CA 91350
LOS ANGELES-CA
SSN / ITIN: xxx-xx-9879

represented by **Steven A Alpert**
(See above for address)

**Allan S Williams**
(See above for address)

***Trustee***
**Nancy K Curry (TR)**
1000 Wilshire Blvd., Suite 870
Los Angeles, CA 90017
213-689-3014

***U.S. Trustee***
**United States Trustee (LA)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| 10/01/2010 | 1 (58 pgs) | Chapter 13 Voluntary Petition . Fee Amount $274 Filed by Roberto William Lara, Shannon Elizabeth Lara (Williams, Allan) (Entered: 10/01/2010) |

| | | |
|---|---|---|
| 10/01/2010 | 2<br>(8 pgs) | Chapter 13 Plan Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara. (Williams, Allan) (Entered: 10/01/2010) |
| 10/01/2010 | 3<br>(1 pg) | Declaration Re: Electronic Filing Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara. (Williams, Allan) (Entered: 10/01/2010) |
| 10/01/2010 | 4<br>(6 pgs) | Rights and responsibilities agreement between chapter 13 debtors and their attorneys Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara. (Williams, Allan) (Entered: 10/01/2010) |
| 10/01/2010 | 5<br>(2 pgs) | Certificate of Credit Counseling Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara. (Williams, Allan) (Entered: 10/01/2010) |
| 10/01/2010 | 6<br>(8 pgs) | Debtor's Certification of Employment Income Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara. (Williams, Allan) (Entered: 10/01/2010) |
| 10/01/2010 | 7 | Statement of Social Security Number(s) Form B21 Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara. (Williams, Allan) (Entered: 10/01/2010) |
| 10/01/2010 | 8<br>(2 pgs) | Meeting of Creditors with 341(a) meeting to be held on 11/16/2010 at 12:00 PM at RM 103, 725 S Figueroa St, Los Angeles, CA 90017. Confirmation hearing to be held on 04/14/2011 at 10:00 AM at Crtrm 1568, 255 E Temple St., Los Angeles, CA 90012. Proof of Claim due by 02/14/2011. (Williams, Allan) (Entered: 10/01/2010) |
| 10/01/2010 | | Receipt of Voluntary Petition (Chapter 13)(2:10-bk-52203) [misc,volp13] ( 274.00) Filing Fee. Receipt number 16620689. Fee amount 274.00. (U.S. Treasury) (Entered: 10/01/2010) |
| 10/07/2010 | 9<br>(4 pgs) | Financial Management Course Certificate Filed Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara. (Williams, Allan) (Entered: 10/07/2010) |

| | | |
|---|---|---|
| 10/07/2010 | 10<br>(5 pgs) | BNC Certificate of Notice (RE: related document(s) 8 Meeting (AutoAssign Chapter 13)) No. of Notices: 13. Service Date 10/07/2010. (Admin.) (Entered: 10/07/2010) |
| 10/08/2010 | 11<br>(12 pgs) | Debtor's notice of section 341(a) meeting and hearing on confirmation of chapter 13 plan with copy of chapter 13 plan *with proof of service* Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara. (Williams, Allan) (Entered: 10/08/2010) |
| 10/19/2010 | 12<br>(2 pgs) | Chapter 13 Trustee's Notice of Requirements *with Proof of Service*. (Curry (TR), Nancy) (Entered: 10/19/2010) |
| 10/28/2010 | 13<br>(4 pgs) | Notice of Hearing *Rescheduled §341(a) Meeting of Creditors* Filed by Trustee Nancy K Curry (TR). (Curry (TR), Nancy) (Entered: 10/28/2010) |
| 11/01/2010 | 14<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Edward T Weber on behalf of Courtesy NEF. (Weber, Edward) (Entered: 11/01/2010) |
| 11/04/2010 | 15<br>(4 pgs) | Declaration RE: Payment of Domestic Support Obligations *with proof of service* Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara. (Williams, Allan) (Entered: 11/04/2010) |
| 11/04/2010 | 16<br>(4 pgs) | Declaration RE Tax Returns (Preconfirmation) *with proof of service* Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara. (Williams, Allan) (Entered: 11/04/2010) |
| 11/05/2010 | 17<br>(46 pgs) | Motion for Setting Property Value *with proof of service* Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara (Williams, Allan) CORRECTION: Incorrect hearing time. Attorney to file amended notice of motion.CORRECTION: Incorrect hearing time. Attorney need to amend motion. Modified on 11/9/2010 (Bryant, Sandra R.). Modified on 11/10/2010 (Pickett, Betty). (Entered: 11/05/2010) |
| | 18<br>(9 pgs) | Declaration setting forth postpetition, preconfirmation deed of trust payments Filed by |

| | | |
|---|---|---|
| 11/08/2010 | | Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara. (Williams, Allan) (Entered: 11/08/2010) |
| 11/09/2010 | 19 (5 pgs) | Declaration re: *plan payment status with proof of service* Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara. (Williams, Allan) (Entered: 11/09/2010) |
| 11/11/2010 | 20 (7 pgs) | Motion to Amend (related document(s)17 Motion for Setting Property Value *with proof of service*) *(amended to fix time of hearing) with proof of service* Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara (Williams, Allan) (Entered: 11/11/2010) |
| 11/17/2010 | 21 (3 pgs) | Objection (related document(s): 17 Motion for Setting Property Value *with proof of service* filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara, 20 Motion to Amend (related document(s)17 Motion for Setting Property Value *with proof of service*) *(amended to fix time of hearing) with proof of service* filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara) Filed by Creditor Bank of America, N.A. (Daluiso, Nicolas) (Entered: 11/17/2010) |
| 11/23/2010 | | Hearing Set (RE: related document(s)17 Motion for Setting Property Value filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara) The Hearing date is set for 12/1/2010 at 02:30 PM at Crtrm 1675, 255 E Temple St., Los Angeles, CA 90012. The case judge is Victoria S. Kaufman (Pickett, Betty) (Entered: 11/23/2010) |
| 12/01/2010 | 22 (3 pgs) | Objection to Confirmation of Chapter 13 Plan *With Proof of Service*. (Curry (TR), Nancy) (Entered: 12/01/2010) |
| 12/02/2010 | 23 (3 pgs) | Notice *of Continuance of Motion for Order Determining Value of Real Property, Extent of Secured Claims and Extinguishing the Lien of Bank of America, N.A.* Filed by Creditor Bank of America, N.A. (RE: related document(s)17 Motion for Setting Property Value *with proof of service* Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara., 20 Motion to Amend). (Daluiso, Nicolas) (Entered: 12/02/2010) |

| | | |
|---|---|---|
| 12/06/2010 | | Hearing (Bk Motion) Continued (RE: related document(s) 17 MOTION FOR SETTING PROPERTY VALUE filed by Roberto William Lara) Hearing to be held on 02/10/2011 at 01:30 PM 255 E. Temple St. Courtroom 1675 Los Angeles, CA 90012 for 17, (Bryant, SandraR.) (Entered: 12/06/2010) |
| 12/08/2010 | 24 (3 pgs) | Objection to Confirmation of Chapter 13 Plan *with proof of service*. (Curry (TR), Nancy) (Entered: 12/08/2010) |
| 12/20/2010 | 25 (8 pgs) | Declaration setting forth postpetition, preconfirmation deed of trust payments Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara. (Williams, Allan) (Entered: 12/20/2010) |
| 12/22/2010 | 26 (4 pgs) | Declaration re: *plan payment status with proof of service* Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara. (Williams, Allan) (Entered: 12/22/2010) |
| 12/28/2010 | 27 (9 pgs) | Amended Chapter 13 Plan *(first amended)* Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara (RE: related document(s)2 Chapter 13 Plan Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara.). (Williams, Allan) (Entered: 12/28/2010) |
| 12/28/2010 | 28 (12 pgs) | Debtor's notice of section 341(a) meeting and hearing on confirmation of chapter 13 plan with copy of chapter 13 plan *with proof of service* Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara. (Williams, Allan) (Entered: 12/28/2010) |
| 12/29/2010 | 29 (4 pgs) | Declaration re: *plan payment status with proof of service* Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara. (Williams, Allan) (Entered: 12/29/2010) |
| 12/29/2010 | 30 (4 pgs) | Reply to (related document(s): 24 Trustee's Objection to Confirmation of Plan (batch)) *with proof of serivce* Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara (Williams, Allan) (Entered: 12/29/2010) |
| | | |

| | | |
|---|---|---|
| 12/30/2010 | 31<br>(5 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: Wells Fargo Education Financial Services (Claim No. 3) To ECMC Filed by Creditor ECMC. (Rieck, James) (Entered: 12/30/2010) |
| 01/05/2011 | | Hearing (Bk Motion) Continued (RE: related document(s) 17 MOTION FOR SETTING PROPERTY VALUE filed by Roberto William Lara) Hearing to be held on 02/10/2011 at 01:30 PM 255 E. Temple St. Courtroom 1568 Los Angeles, CA 90012 for 17, (Pickett, Betty) (Entered: 01/05/2011) |
| 01/05/2011 | 32<br>(2 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)31 Transfer of Claim filed by Creditor ECMC) No. of Notices: 1. Service Date 01/05/2011. (Admin.) (Entered: 01/05/2011) |
| 01/08/2011 | 33<br>(2 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: Fia Card Services, NA As Successor In Interest to (Claim No. 6) To Portfolio Recovery Associates, LLC Filed by Creditor PRA Receivables Management LLC. (Hardy, Carol) (Entered: 01/08/2011) |
| 01/10/2011 | 34 | In accordance with the Administrative Order 11-02 dated 1/10/2011, this case is hereby reassigned from Judge Victoria S. Kaufman to Judge Ernest M. Robles. (Caldway, Valecia) (Entered: 01/10/2011) |
| 01/11/2011 | 35<br>(2 pgs; 2 docs) | Transfer of Claim(s) Transferor: Chase Bank USA, N.A. (Claim No.10); To eCAST Settlement Corporation Filed by Becket 2,Alane. (Becket 2,Alane) (Entered: 01/11/2011) |
| 01/12/2011 | 36<br>(2 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)33 Transfer of Claim filed by Creditor PRA Receivables Management LLC) No. of Notices: 1. Service Date 01/12/2011. (Admin.) (Entered: 01/12/2011) |
| 01/13/2011 | 37<br>(2 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)35 Transfer of Claim) No. of Notices: 1. Service Date 01/13/2011. (Admin.) (Entered: 01/13/2011) |
| | 38<br>(50 pgs) | Notice of Hearing *( continued) on debtor's motion for order deternining value of real property, extent* |

| | | |
|---|---|---|
| 01/14/2011 | | *of secured claims and extinguishing the lien of Bank of America, N.A with proof of service* Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara (RE: related document(s)20 Motion to Amend). (Williams, Allan) (Entered: 01/14/2011) |
| 02/08/2011 | 39 (2 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: Chase Bank USA, N.A. (Claim No. 11) To CR Evergreen, LLC Filed by Creditor CR Evergreen, LLC. (Tran, Linh) (Entered: 02/08/2011) |
| 02/08/2011 | 40 (2 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: Chase Bank USA, N.A. (Claim No. 9) To CR Evergreen, LLC Filed by Creditor CR Evergreen, LLC. (Tran, Linh) (Entered: 02/08/2011) |
| 02/08/2011 | 41 (2 pgs; 2 docs) | Transfer of Claim(s) Transferor: Chase Bank USA, N.A. (Claim No.15); To eCAST Settlement Corporation Filed by Becket 2,Alane. (Becket 2,Alane) (Entered: 02/08/2011) |
| 02/10/2011 | 42 (3 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: Fia Card Services, NA As Successor In Interest to (Claim No. 5) To Candica, L.L.C. Filed by Creditor Candica, L.L.C.. (Ralston, Richard) (Entered: 02/10/2011) |
| 02/10/2011 | 43 (2 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)39 Transfer of Claim filed by Creditor CR Evergreen, LLC) No. of Notices: 1. Service Date 02/10/2011. (Admin.) (Entered: 02/10/2011) |
| 02/10/2011 | 44 (2 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)40 Transfer of Claim filed by Creditor CR Evergreen, LLC) No. of Notices: 1. Service Date 02/10/2011. (Admin.) (Entered: 02/10/2011) |
| 02/10/2011 | 45 (2 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)41 Transfer of Claim) No. of Notices: 1. Service Date 02/10/2011. (Admin.) (Entered: 02/10/2011) |
| | 46 (3 pgs) | Hearing Held on 2/10/11 -GRANTED, (RE: related document(s)17 Motion for Setting Property Value filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara) (Moody, Valerie) (Entered: |

| | | |
|---|---|---|
| 02/11/2011 | | 02/11/2011) |
| 02/12/2011 | 47 (2 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)42 Transfer of Claim filed by Creditor Candica, L.L.C.) No. of Notices: 1. Service Date 02/12/2011. (Admin.) (Entered: 02/12/2011) |
| 02/15/2011 | 48 (10 pgs) | Declaration setting forth postpetition, preconfirmation deed of trust payments Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara. (Williams, Allan) (Entered: 02/15/2011) |
| 02/23/2011 | 49 (4 pgs) | Declaration re: *plan payment status with proof of service* Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara. (Williams, Allan) (Entered: 02/23/2011) |
| 03/14/2011 | 50 (10 pgs) | Declaration setting forth postpetition, preconfirmation deed of trust payments Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara. (Williams, Allan) (Entered: 03/14/2011) |
| 03/23/2011 | 51 (4 pgs) | Declaration re: *plan payment status with proof of service* Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara. (Williams, Allan) (Entered: 03/23/2011) |
| 03/28/2011 | 52 (6 pgs) | Order Granting Motion To Avoid Lien (Related Doc # 27) Signed on 3/28/2011 (Walter, Earnestine) (Entered: 03/28/2011) |
| 03/30/2011 | 53 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)52 Order on Motion to Avoid Lien) No. of Notices: 4. Service Date 03/30/2011. (Admin.) (Entered: 03/30/2011) |
| 04/14/2011 | | Hearing Held on 4/14/2011 re Confirmation of Ch. 13 Plan - CONFIRMED; (Evangelista, Maria) (Entered: 04/18/2011) |
| 05/08/2011 | 54 (2 pgs) | Order Confirming Chapter 13 Plan (Related Doc # 27) Signed on 5/8/2011 (Lomeli, Lydia R.) (Entered: 05/08/2011) |
| | 55 | Notice of Requirement to Complete Course in |

| | | |
|---|---|---|
| 05/10/2011 | (3 pgs) | Financial Management (BNC) . (Lomeli, Lydia R.) (Entered: 05/10/2011) |
| 05/11/2011 | 56<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)54 No action taken on Order Confirming Chapter 13 Plan) No. of Notices: 4. Service Date 05/11/2011. (Admin.) (Entered: 05/11/2011) |
| 05/12/2011 | 57<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s) 55 Notice of Requirement to Complete Course in Financial Management (BNC)) No. of Notices: 1. Service Date 05/12/2011. (Admin.) (Entered: 05/12/2011) |
| 09/09/2011 | 58<br>(2 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: eCAST Settlement Corporation (Claim No. 15) To Chase Bank USA NA Filed by Creditor Chase Bank USA NA. (Beckmann, Laura) (Entered: 09/09/2011) |
| 09/14/2011 | 59<br>(2 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)58 Transfer of Claim filed by Creditor Chase Bank USA NA) No. of Notices: 1. Service Date 09/14/2011. (Admin.) (Entered: 09/14/2011) |
| 11/07/2011 | 60 | In accordance with the Administrative Order 11-08 dated 11/01/2011, this case is hereby reassigned from Judge Ernest M. Robles to Judge Julia W. Brand. (Hernandez, Kevin) (Entered: 11/07/2011) |
| 11/29/2011 | 61<br>(9 pgs) | Application for Compensation *with proof of service* for Allan S Williams, Debtor's Attorney, Period: 11/1/2010 to 11/7/2011, Fee: $1820.34, Expenses: $. Filed by Attorney Allan S Williams (Williams, Allan) (Entered: 11/29/2011) |
| 11/29/2011 | 62<br>(5 pgs) | Notice of motion/application *with proof of service* Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara (RE: related document(s)61 Application for Compensation *with proof of service* for Allan S Williams, Debtor's Attorney, Period: 11/1/2010 to 11/7/2011, Fee: $1820.34, Expenses: $. Filed by Attorney Allan S Williams). (Williams, Allan) (Entered: 11/29/2011) |
| | 63 | Declaration re: *entry of order without hearing* |

| | | |
|---|---|---|
| 12/20/2011 | (17 pgs) | *pursuant to LBR 9013-1(o) with proof of service* Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara (RE: related document(s)61 Application for Compensation *with proof of service* for Allan S Williams, Debtor's Attorney, Period: 11/1/2010 to 11/7/2011, Fee: $1820.34, Expenses: $.). (Williams, Allan) (Entered: 12/20/2011) |
| 01/19/2012 | 64 (9 pgs) | Proof of service Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara. (Williams, Allan) (Entered: 01/19/2012) |
| 02/15/2012 | 65 (3 pgs) | Order Re: Setting hearing on Application for supplemental fees; Hearing Date: 3/1/12 @ 1:30pm 61Signed on 2/15/2012. (Bryant, Sandra R.) (Entered: 02/15/2012) |
| 02/15/2012 | 66 | Hearing Set (RE: related document(s)61 Application for Compensation) The Hearing date is set for 3/1/2012 at 01:30 PM at Crtrm 1375, 255 E Temple St., Los Angeles, CA 90012. The case judge is Julia W. Brand (Bryant, Sandra R.) (Entered: 02/15/2012) |
| 05/02/2012 | 67 (3 pgs) | Order Granting Application For Compensation - SUPPLEMENTAL FEES (Related Doc # 61) for Allan S Williams, fees awarded: $1199.50, expenses awarded: $70.84 Signed on 5/2/2012. (Beauchamp, Sonia) (Entered: 05/02/2012) |
| 10/19/2012 | 68 (3 pgs) | Notice of Mortgage Payment Change (No Proof of Claim Filed) with Certificate of Service Filed by Creditor Bank of America, N.A.. (Myers, Toccara) (Entered: 10/19/2012) |
| 04/02/2013 | 69 (3 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: Candica, L.L.C. (Claim No. 5) To Vanda, LLC To Vanda, LLCc/o Weinstein & Riley, P.S.2001 Western Ave., Ste. 400Seattle, WA 98121 Filed by Creditor Vanda, LLC. (Harrison, Josh) (Entered: 04/02/2013) |
| 04/04/2013 | 70 (3 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)69 Transfer of Claim filed by Creditor Vanda, LLC) No. of Notices: 0. Notice Date 04/04/2013. (Admin.) (Entered: 04/04/2013) |
| | 71 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Webb, Kristin. (Webb, Kristin) |

| | | |
|---|---|---|
| 10/02/2013 | | (Entered: 10/02/2013) |
| 01/22/2014 | 72<br>(1 pg) | Notice of Change of Address *for Payments From Chapter 13 Trustee (Related to Claim #7)* Filed by Creditor Bank of America. (Prober, Dean) (Entered: 01/22/2014) |
| 02/28/2014 | 73<br>(4 pgs) | Request for special notice Filed by Creditor Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2005--WL2, Asset-Backed Certificates, Series 2005-WL2, its assignees and/or successo. (Jafarnia, Merdaud) (Entered: 02/28/2014) |
| 03/20/2014 | 74<br>(63 pgs; 2 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 5431 Fulton Avenue, Los Angeles, CA 91401 . Fee Amount $176, Filed by Creditor Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2005--WL2, Asset-Backed Certificates, Series 2005-WL2, its assignees and/or successo (Attachments: # 1 Exhibit) (Jafarnia, Merdaud) (Entered: 03/20/2014) |
| 03/20/2014 | | Receipt of Motion for Relief from Stay - Real Property(2:10-bk-52203-WB) [motion,nmrp] ( 176.00) Filing Fee. Receipt number 36431120. Fee amount 176.00. (re: Doc# 74) (U.S. Treasury) (Entered: 03/20/2014) |
| 03/21/2014 | 75 | Hearing Set (RE: related document(s)74 Motion for Relief from Stay - Real Property filed by Creditor Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2005--WL2, Asset-Backed Certificates, Series 2005-WL2, its assignees and/or successo) The Hearing date is set for 4/22/2014 at 10:00 AM at Crtrm 1375, 255 E Temple St., Los Angeles, CA 90012. The case judge is Julia W. Brand (Kaaumoana, William) (Entered: 03/21/2014) |
| 04/14/2014 | 76<br>(6 pgs) | Non-Opposition *to Motion for Relief from the Automatic Stay* Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara. (Alpert, Steven) (Entered: 04/14/2014) |
| | 77 | Order Granting Motion for relief from the automatic |

| | | |
|---|---|---|
| 04/24/2014 | (4 pgs) | stay REAL PROPERTY (BNC-PDF) (Related Doc # 74 ) Signed on 4/24/2014 (Beauchamp, Sonia) (Entered: 04/24/2014) |
| 04/26/2014 | 78 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)77 Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF)) No. of Notices: 1. Notice Date 04/26/2014. (Admin.) (Entered: 04/26/2014) |
| 04/28/2014 | | Receipt of Certification Fee - $11.00 by 01. Receipt Number 20180987. (admin) (Entered: 04/29/2014) |
| 10/29/2014 | 79 (1 pg) | Notice of Change of Address *ECMC, PO BOX 16408, ST. PAUL, MN 55116-0408*. (Wilcoxson, Debra) (Entered: 10/29/2014) |
| 10/30/2015 | 80 (1 pg) | Notice of Change of Address Filed by Creditor Bank of America, N.A.. (Williams, Nell) (Entered: 10/30/2015) |
| 02/05/2016 | 81 (3 pgs) | Notice *Notice of Change to Creditor's Address* Filed by Trustee Nancy K Curry (TR). (Curry (TR), Nancy) (Entered: 02/05/2016) |
| 04/06/2016 | 82 (2 pgs) | Notice of Final Cure Mortgage Payment re: Rule 3002.1 *with proof of service*. Filed by Trustee Nancy K Curry (TR). (Curry (TR), Nancy) (Entered: 04/06/2016) |
| 04/26/2016 | doc (6 pgs) | Response to Notice of Final Cure Payment Rule 3002.1 (Claim # 7) with Certificate of Service Filed by Creditor Bank of America, N.A. (related document(s)82 Notice of Final Cure Mortgage Payment filed by Trustee Nancy K Curry (TR)). (O, Christina) (Entered: 04/26/2016) |
| 04/29/2016 | 83 (9 pgs) | Chapter 13 Trustee's Notice of Intent to File Trustee's Final Report and Account, Obtain Discharge of Debtor and Close Case *with proof of service* Filed by Trustee Nancy K Curry (TR). (Curry (TR), Nancy) (Entered: 04/29/2016) |
| | 84 (4 pgs; 2 docs) | Debtor's certification of compliance under 11 U.S.C. Section 1328(a) and Notice of application for entry of discharge (BNC) Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara. |

| | | |
|---|---|---|
| 05/05/2016 | | (Alpert, Steven) (Entered: 05/05/2016) |
| 05/05/2016 | 85 (4 pgs; 2 docs) | Debtor's certification of compliance under 11 U.S.C. Section 1328(a) and Notice of application for entry of discharge (BNC) Filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara. (Alpert, Steven) (Entered: 05/05/2016) |
| 05/07/2016 | 86 (3 pgs) | BNC Certificate of Notice (RE: related document(s) 84 Debtor's certification and application for entry of discharge - Chapter 13 (BNC) filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara) No. of Notices: 36. Notice Date 05/07/2016. (Admin.) (Entered: 05/07/2016) |
| 05/07/2016 | 87 (3 pgs) | BNC Certificate of Notice (RE: related document(s) 85 Debtor's certification and application for entry of discharge - Chapter 13 (BNC) filed by Debtor Roberto William Lara, Joint Debtor Shannon Elizabeth Lara) No. of Notices: 36. Notice Date 05/07/2016. (Admin.) (Entered: 05/07/2016) |
| 05/31/2016 | 88 (3 pgs; 2 docs) | Declaration re: non-receipt of obj to trustee's final report - Notice of requirement to file a debtor's certification of compliance under 11 U.S.C. Section 1328(a) and Application for Entry of Discharge - Chapter 13 (BNC) Filed by Trustee Nancy K Curry (TR). (Curry (TR), Nancy) (Entered: 05/31/2016) |
| 05/31/2016 | 89 (5 pgs) | Chapter 13 Trustee's Final Report and Account . (Curry (TR), Nancy) (Entered: 05/31/2016) |
| 06/02/2016 | 90 (3 pgs) | BNC Certificate of Notice (RE: related document(s) 88 Decl. re: non-receipt of obj. to Trustee's Final Report - Ntc re: req. to file debtor's cert. (BNC) filed by Trustee Nancy K Curry (TR)) No. of Notices: 36. Notice Date 06/02/2016. (Admin.) (Entered: 06/02/2016) |

**PACER Service Center**

**Transaction Receipt**

06/03/2016 10:59:17

| | | |
|---|---|---|
| **PACER** | | **Client** |

| | | | |
|---|---|---|---|
| **Login:** | Pacerwolf:2558381:4814562 | **Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:10-bk-52203-WB Fil or Ent: filed From: 3/4/2000 To: 6/3/2016 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |

# EXHIBIT 8

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.


**This page is part of your document - DO NOT DISCARD**

# 20111295089

Pages: 0003

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**09/23/11 AT 01:26PM**

| | |
|---|---|
| FEES: | 22 00 |
| TAXES: | 0 00 |
| OTHER: | 0.00 |
| PAID: | 22 00 |

LEADSHEET

201109230720050

**00004714522**

003526259

**SEQ:**
**01**

DAR - Counter (Hard Copy)

**THIS FORM IS NOT TO BE DUPLICATED**

E 521967

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.


09/23/2011

*20111295089*

**RECORDING REQUESTED BY:**
JEFFREY TODD AS CO-TRUSTEE

**WHEN RECORDED MAIL TO AND MAIL TAX STATEMENTS TO:**

JEFFREY TODD
11054 Ventura Bl #400
Studio City, CA 91604

APN No 2344-015-009

# GRANT DEED - TRUST TRANSFER

The undersigned grantor declare under penalty of perjury that the following is true and correct
There is no consideration for this transfer
This conveyance transfer the Grantor's interest into a revocable trust for the benefit of Grantor and Grantor's issue, and is exempt from transfer tax

GRANTOR, JEFFREY TODD hereby GRANT(s) to THE JEFFREY TODD REVOCABLE TRUST, JEFFREY TODD, LETITIA JONES DILORETTO AND EDELMIRA S JACOBO AS CO-TRUSTEES.

The following described real property in the City of Los Angeles, County of Los Angeles, State of California

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

Commonly known as 5431 Fulton Ave , Los Angeles CA 91401

Dated 9-23-11

JEFFREY TODD

STATE OF CALIFORNIA }
COUNTY OF Los Angeles } S S

On Sept. 23, 2011 before me, Betty Patterson, a notary public in and for said state, personally appeared Jeffrey Todd, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct

WITNESS my hand and official seal

Signature Betty Patterson (Seal)

BETTY PATTERSON
Commission # 1849739
Notary Public - California
Los Angeles County
My Comm Expires Jun 9, 2013



RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.


**EXHIBIT "A"**

LOT 9 OF TRACT NO. 20727, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 519 PAGES 22 AND 23 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM THE NORTH 50 FEET.

ALSO EXCEPT THEREFROM THAT PORTION OF SAID LOT 9, LYING WITHIN THE WESTERLY 150 FEET OF LOT 114 OF TRACT NO 1000, AS PER MAP RECORDED IN BOOK 19 PAGE 2 OF MAPS.



RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

# EXHIBIT 9

**CLOSED, DISMISSED**

**U.S. Bankruptcy Court**
**Central District of California (San Fernando Valley)**
**Bankruptcy Petition #: 1:11-bk-21204-MT**

*Date filed:* 09/21/2011
*Assigned to:* Maureen Tighe
Chapter 13
Voluntary
Asset

*Date terminated:* 12/06/2011
*Debtor dismissed:* 11/15/2011
*341 meeting:* 11/02/2011

*Debtor disposition:* Dismissed for failure to make plan payments

***Debtor***
**Letitia Jones Diloretto**
15112 Marth Street
Van Nuys, CA 91411
LOS ANGELES-CA
SSN / ITIN: xxx-xx-8874

represented by **Letitia Jones Diloretto**
PRO SE

***Trustee***
**Elizabeth (SV) F Rojas (TR)**
Valley Executive Center
15260 Ventura Blvd., Suite 710
Sherman Oaks, CA 91403
818-933-5700

***U.S. Trustee***
**United States Trustee (SV)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 91007
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| 09/21/2011 | 1 (43 pgs) | Chapter 13 Voluntary Petition . Receipt Number O, Fee Amount $274 Filed by Letitia Jones Diloretto (Boyd, Brenda) (Entered: 09/21/2011) |
| 09/21/2011 | 2 (2 pgs) | Meeting of Creditors with 341(a) meeting to be held on 11/02/2011 at 10:00 AM at RM 105, 21051 Warner Center Lane, Woodland Hills, CA 91367. Confirmation hearing to be held on 12/13/2011 at 09:30 AM at Crtrm 302, 21041 Burbank Blvd, Woodland Hills, CA 91367. Proof of Claim due by 01/31/2012. (Boyd, Brenda) (Entered: 09/21/2011) |

| | | |
|---|---|---|
| 09/21/2011 | 3 | Statement of Social Security Number(s) Form B21 Filed by Debtor Letitia Jones Diloretto . (Boyd, Brenda) (Entered: 09/21/2011) |
| 09/21/2011 | 4<br>(5 pgs) | Chapter 13 Plan Filed by Debtor Letitia Jones Diloretto . (Boyd, Brenda) (Entered: 09/21/2011) |
| 09/21/2011 | 5<br>(1 pg) | Certificate of Credit Counseling Filed by Debtor Letitia Jones Diloretto . (Boyd, Brenda) (Entered: 09/21/2011) |
| 09/21/2011 | | Receipt of Chapter 13 Filing Fee - $274.00 by 11. Receipt Number 10046295. (admin) (Entered: 09/22/2011) |
| 09/23/2011 | 6<br>(5 pgs) | BNC Certificate of Notice (RE: related document(s)2 Meeting (AutoAssign Chapter 13)) No. of Notices: 4. Service Date 09/23/2011. (Admin.) (Entered: 09/23/2011) |
| 09/28/2011 | 7<br>(3 pgs) | Order Granting Order to Appear and Show Cause /appear and explain who brought case in for filing, (Related Doc # doc ) Signed on 9/28/2011 (Gonzalez, Emma) (Entered: 09/28/2011) |
| 09/30/2011 | 8<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)7 Order to Show Cause) No. of Notices: 1. Service Date 09/30/2011. (Admin.) (Entered: 09/30/2011) |
| 10/04/2011 | | Hearing Set Show Cause and explain who brought case in for filing 7 hearing to be held on 10/13/2011 at 01:00 PM at Crtrm 302, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Maureen Tighe (Williams, Jewell) (Entered: 10/04/2011) |
| 10/20/2011 | 9<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Chad L Butler on behalf of Courtesy NEF. (Butler, Chad) (Entered: 10/20/2011) |
| 10/27/2011 | 10<br>(1 pg) | Withdrawal of Claim(s): 3 Filed by Creditor Asset Acceptance LLC. (Elliott, Christina) (Entered: 10/27/2011) |
| 11/09/2011 | 11<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Ramesh Singh on behalf of Courtesy NEF. (Singh, Ramesh) (Entered: 11/09/2011) |
| | 12<br>(3 pgs) | Order to Appear and Explain Who Brought Case in For Filing Signed on 11/10/2011. (I, deputy clerk who is making this entry, certify that service on all parties under Section II was as completed, Remy, Johanne) (Remy, Johanne) |

| | | |
|---|---|---|
| 11/10/2011 | | (Entered: 11/10/2011) |
| 11/10/2011 | 13 (3 pgs) | Notice to creditors (BNC-PDF) - Order to Appear and Explain Who Brought Case in For Filing 12 (Remy, Johanne) (Entered: 11/10/2011) |
| 11/10/2011 | | Hearing Set (RE: related document(s) 12 Order to Appear and Explain Who Brought Case in For Filing) Show Cause hearing to be held on 11/28/2011 at 09:00 AM at Crtrm 302, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Maureen Tighe (Remy, Johanne) (Entered: 11/10/2011) |
| 11/10/2011 | 14 (3 pgs) | Objection to Confirmation of Plan *with Proof of Service* Filed by Creditor JPMorgan Chase Bank, National Association (RE: related document(s)4 Chapter 13 Plan Filed by Debtor Letitia Jones Diloretto.). (Malcolm, William) (Entered: 11/10/2011) |
| 11/10/2011 | 19 (3 pgs) | Order to Show Cause Show Cause Why John Corona Should Not be Fined Signed on 11/10/2011. (Remy, Johanne) (Entered: 11/21/2011) |
| 11/10/2011 | | Hearing Set (RE: related document(s) 19 Order to Show Cause Why John Corona Should Not be Fined) Show Cause hearing to be held on 11/29/2011 at 01:00 PM at Crtrm 302, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Maureen Tighe (Remy, Johanne) (Entered: 11/21/2011) |
| 11/12/2011 | 15 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s) 13 Notice to creditors (BNC-PDF)) No. of Notices: 7. Notice Date 11/12/2011. (Admin.) (Entered: 11/12/2011) |
| 11/15/2011 | 16 (2 pgs) | ORDER dismissing chapter 13 case for failure to make required payments - **Debtor** Dismissed. Signed on 11/15/2011. (Varela, Lenora) (Entered: 11/15/2011) |
| 11/15/2011 | 17 (1 pg) | Notice of dismissal (BNC) (Varela, Lenora) (Entered: 11/15/2011) |
| 11/17/2011 | 18 (3 pgs) | BNC Certificate of Notice (RE: related document(s) 17 Notice of dismissal (BNC)) No. of Notices: 5. Notice Date 11/17/2011. (Admin.) (Entered: 11/17/2011) |
| | 20 | Trustee's Final Report and Account Filed by. (Rojas (TR), |

| | | |
|---|---|---|
| 11/22/2011 | (3 pgs) | Elizabeth (SV)) (Entered: 11/22/2011) |
| 11/22/2011 | 21 (1 pg) | Proof of service Filed by. (Rojas (TR), Elizabeth (SV)) (Entered: 11/22/2011) |
| 12/06/2011 | 22 (1 pg) | Bankruptcy Case Closed - DISMISSED (Toomer, Rosalyn) (Entered: 12/06/2011) |
| 12/13/2011 | 23 (2 pgs) | Order after hearing on order to show cause why John Corona should not be fined, Signed on 12/13/2011 (Gonzalez, Emma) (Entered: 12/13/2011) |
| 12/15/2011 | 24 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)23 Order (Generic)) No. of Notices: 2. Notice Date 12/15/2011. (Admin.) (Entered: 12/15/2011) |

---

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/03/2016 09:33:16 | | | |
| **PACER Login:** | Pacerwolf:2558381:4814562 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:11-bk-21204-MT Fil or Ent: filed From: 3/4/2000 To: 6/3/2016 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

# EXHIBIT 10

**This page is part of your document - DO NOT DISCARD**

# 20111609717

**Pages: 0002**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**11/29/11 AT 02:08PM**

| | |
|---|---|
| FEES: | 19.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 19.00 |

LEADSHEET

201111290710005

**00005010689**

003645491

**SEQ:**
**01**

DAR - Counter (Hard Copy)

**THIS FORM IS NOT TO BE DUPLICATED**

E118663

**RECORDING REQUESTED BY:**
JEFFREY TODD AS CO-TRUSTEE

**WHEN RECORDED MAIL TO**
**AND MAIL TAX STATEMENTS TO:**

JEFFREY TODD
11054 Ventura Blvd, #400
Studio City, CA 91604

APN#: 2344-015-009 Space Above This Line For Recorder's Use

# TRUST TRANSFER GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s):
DOCUMENTARY TRANSFER TAX is $ NONE. CITY TAX $ NONE.
☒ "This conveyance transfers an interest into or out of a living trust, R & T 11930"
☒ Excluded from Reappraisal Under Proposition 13, California Constitution Article 13A § 1, et seq.

JEFFREY TODD as cotrustee of THE JEFFREY TODD REVOCABLE TRUST hereby GRANT(s) to JEFFREY TODD, Jaime E Lemus AND Jeanine Rittenberg AS CO-TRUSTEES OF THE JEFFREY TODD REVOCABLE TRUST,

the following described real property in the City of Los Angeles, County of Los Angeles, State of California:

Legal Description: LOT 9 OF TRACT NO. 20127, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 519 PAGES 22 AND 23 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
EXCEPT THEREFROM THE NORTH 50 FEET. ALSO EXCEPT THEREFROM THAT PORTION OF SAID LOT 9, LYING WITHIN THE WESTERLY 150 FEET OF LOT 114 OF TRACT NO. 1000, AS PER MAP RECORDED IN BOOK 18 PAGE 2 OF MAPS.

Said real property is commonly known as: 5431 Fulton Avenue, Los Angeles, CA 91401

Dated: 11-29-11

JEFFREY TODD as CoTrustee

STATE OF CALIFORNIA }
COUNTY OF Los Angeles } S.S.

On November 29, 2011 before me, Ola Kaplan, a notary public in and for said state, personally appeared Jeffrey Todd, who proved to me on the basis of satisfactory evidence to be the person(~~s~~) whose name(~~s~~) is/~~are~~ subscribed to the within instrument and acknowledged to me that he/~~she/they~~ executed the same in his/~~her/their~~ authorized capacity(i~~es~~), and that by his/~~her/their~~ signature(~~s~~) on the instrument the person(~~s~~), or the entity upon behalf of which the person(~~s~~) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.
Signature ______________ (Seal)

OLA KAPLAN
Commission # 1892723
Notary Public - California
Los Angeles County
My Comm. Expires Jun 14, 2014

# EXHIBIT 11

**BPP, DISMISSED, CLOSED**

# U.S. Bankruptcy Court
# Central District of California (Los Angeles)
# Bankruptcy Petition #: 2:11-bk-58304-SK

*Date filed:* 11/23/2011
*Date terminated:* 01/04/2013
*Debtor dismissed:* 01/24/2012
*341 meeting:* 12/30/2011

*Assigned to:* Sandra R. Klein
Chapter 13
Voluntary
Asset

*Debtor disposition:* Dismissed for Other Reason

***Debtor***
**Jaime E Lemus**
1214 E 42nd Place
Los Angeles, CA 90011
LOS ANGELES-CA
SSN / ITIN: xxx-xx-6933

represented by **Jaime E Lemus**
PRO SE

***Trustee***
**Kathy A Dockery (TR)**
700 S. Flower Street, Suite 1950
Los Angeles, CA 90017
(213) 996-4400

***U.S. Trustee***
**United States Trustee (LA)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

***3rd Party Plaintiff***
**Duane Poe**

represented by **Amid T Bahadori**
Law Offices of Amid T Bahadori
2151 Michelson Dr Ste 160
Irvine, CA 92612
949-954-8164
Fax : 949-954-8163
Email: atb@bahadorilaw.com

| Filing Date | # | Docket Text |
|---|---|---|
| 11/23/2011 | 1 (52 pgs) | Chapter 13 Voluntary Petition . Fee Amount $281 Filed by Jaime E Lemus (Lazarte, Val ) (Entered: 11/23/2011) |

| | | |
|---|---|---|
| 11/23/2011 | 2<br>(2 pgs) | Meeting of Creditors with 341(a) meeting to be held on 12/30/2011 at 02:00 PM at RM 103, 725 S Figueroa St, Los Angeles, CA 90017. Confirmation hearing to be held on 02/02/2012 at 10:00 AM at Crtrm 1575, 255 E Temple St., Los Angeles, CA 90012. Proof of Claim due by 03/29/2012. (Lazarte, Val Phillip) (Entered: 11/23/2011) |
| 11/23/2011 | 3<br>(1 pg) | Certificate of Credit Counseling Filed by Debtor Jaime E Lemus . (Lazarte, Val ) (Entered: 11/23/2011) |
| 11/23/2011 | 4<br>(10 pgs) | Chapter 13 Plan Filed by Debtor Jaime E Lemus . (Lazarte, Val ) Additional attachment(s) added on 12/5/2011 (Lazarte, Val Phillip). (Entered: 11/23/2011) |
| 11/23/2011 | 5 | Statement of Social Security Number(s) Form B21 Filed by Debtor Jaime E Lemus . (Lazarte, Val ) (Entered: 11/23/2011) |
| 11/23/2011 | | Receipt of Chapter 13 Filing Fee - $281.00 by 13. Receipt Number 20130563. (admin) (Entered: 11/24/2011) |
| 11/25/2011 | 6<br>(4 pgs) | BNC Certificate of Notice (RE: related document (s) 2 Meeting (AutoAssign Chapter 13)) No. of Notices: 8. Notice Date 11/25/2011. (Admin.) (Entered: 11/25/2011) |
| 12/09/2011 | 7<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Vy Pham on behalf of Courtesy NEF. (Pham, Vy) (Entered: 12/09/2011) |
| 12/16/2011 | 8<br>(3 pgs) | Notice of Hearing Filed by. (Dockery (TR), Kathy) (Entered: 12/16/2011) |
| 12/22/2011 | 9<br>(29 pgs) | Objection to Confirmation of Plan Filed by Creditor U.S. Bank National Association, as Trustee... (RE: related document(s)4 Chapter 13 Plan Filed by Debtor Jaime E Lemus..). (Pham, Vy) (Entered: 12/22/2011) |
| 01/06/2012 | 10<br>(2 pgs; 2 docs) | Transfer of Claim(s) Transferor: FIA CARD SERVICES, N.A. (Claim No.1); To FIA Card Services, N.A. as successor in Filed by Becket 2,Alane. (Becket 2,Alane) (Entered: 01/06/2012) |

| | | |
|---|---|---|
| 01/08/2012 | 11 (3 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)10 Transfer of Claim) No. of Notices: 1. Notice Date 01/08/2012. (Admin.) (Entered: 01/08/2012) |
| 01/09/2012 | 12 (1 pg) | Notice of Change of Address Filed by Creditor FIA Card Services NA as successor in interest to Bank of America NA (USA) and MBNA America Bank NA. (Weisman, Gilbert) (Entered: 01/09/2012) |
| 01/19/2012 | 13 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Daniel K Fujimoto on behalf of Courtesy NEF. (Fujimoto, Daniel) (Entered: 01/19/2012) |
| 01/23/2012 | 14 (3 pgs) | Chapter 13 Trustee's declaration that debtor failed to appear for examination. (Dockery (TR), Kathy) (Entered: 01/23/2012) |
| 01/24/2012 | 15 (1 pg) | ORDER and notice of dismissal for failure to appear at 341(a) meeting - **Debtor** Dismissed. All pending motions and adversary proceedings are moot and dismissed. (BNC) Signed on 1/24/2012. (Le, James) (Entered: 01/24/2012) |
| 01/26/2012 | 16 (3 pgs) | BNC Certificate of Notice (RE: related document (s)15 ORDER and notice of dismissal for failure to appear at 341(a) meeting (Option A or Option B) (BNC)) No. of Notices: 10. Notice Date 01/26/2012. (Admin.) (Entered: 01/26/2012) |
| 02/01/2012 | 17 (5 pgs) | Notice of Intent to File Trustees Final Report and Account - Chapter 13 Dismissed/Converted . (Dockery (TR), Kathy) (Entered: 02/01/2012) |
| 02/02/2012 | 18 (51 pgs; 3 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 11015 Broadway Terrace, Oakland, CA 94611 . Fee Amount $176, Filed by Creditor Aurora Loan Services LLC, its assignees and/or successors (Attachments: # 1 Exhibit # 2 Exhibit) (Jafarnia, Mehrdaud) (Entered: 02/02/2012) |
| | | Receipt of Motion for Relief from Stay - Real Property(2:11-bk-58304-SK) [motion,nmrp] ( 176.00) Filing Fee. Receipt number 25152367. Fee amount 176.00. (U.S. Treasury) (Entered: |

| | | |
|---|---|---|
| 02/02/2012 | | 02/02/2012) |
| 02/03/2012 | 19 | Hearing Set (RE: related document(s)18 Motion for Relief from Stay - Real Property filed by Creditor Aurora Loan Services LLC, its assignees and/or successors) The Hearing date is set for 2/29/2012 at 08:30 AM at Crtrm 1575, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sandra R. Klein (May, Thais D.) (Entered: 02/03/2012) |
| 02/23/2012 | 20 (5 pgs; 2 docs) | Declaration re: Filed by Creditor Aurora Loan Services LLC, its assignees and/or successors (RE: related document(s)18 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 11015 Broadway Terrace, Oakland, CA 94611 . Fee Amount $176,). (Attachments: # 1 Exhibit) (Jafarnia, Mehrdaud) (Entered: 02/23/2012) |
| 03/06/2012 | 21 (5 pgs) | Order Granting Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF) (Related Doc # 18 ) Signed on 3/6/2012 (Tatum, Shafari) (Entered: 03/06/2012) |
| 03/08/2012 | 22 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)21 Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF)) No. of Notices: 4. Notice Date 03/08/2012. (Admin.) (Entered: 03/08/2012) |
| 03/09/2012 | | Receipt of Certification Fee - $11.00 by 01. Receipt Number 20138503. (admin) (Entered: 03/12/2012) |
| 11/01/2012 | 23 (1 pg) | Notice of unclaimed dividend(s) (under FRBP 3011) Filed by. (Dockery (TR), Kathy) (Entered: 11/01/2012) |
| 11/02/2012 | | Receipt of Undistributed Funds - $955.00 by 02. Receipt Number 20155210. (admin) (Entered: 11/05/2012) |
| 12/11/2012 | 24 (1 pg) | Declaration re: non-receipt of obj to trustee's final report (Dismissed/Converted Chapter 13 Cases) Filed by. (Dockery (TR), Kathy) (Entered: 12/11/2012) |
| | | |

| | | |
|---|---|---|
| 12/11/2012 | 25<br>(3 pgs) | Chapter 13 Trustee's Final Report and Account . (Dockery (TR), Kathy) (Entered: 12/11/2012) |
| 12/11/2012 | 26<br>(1 pg) | Proof of service Filed by (RE: related document(s) 25 Chapter 13 Trustee's Final Report and Account (batch)). (Dockery (TR), Kathy) (Entered: 12/11/2012) |
| 12/13/2012 | 27<br>(1 pg) | ORDER discharging chapter 13 panel trustee and exonerate bond liability Signed on 12/13/2012. (Le, James) (Entered: 12/13/2012) |
| 01/04/2013 | 28 | Bankruptcy Case Closed - DISMISSED. An Order dismissing this case was entered and notice was provided to parties in interest. Since it appears that no further matters are required and that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (Le, James) (Entered: 01/04/2013) |
| 08/29/2013 | 29<br>(4 pgs) | Motion for order releasing unclaimed funds In the Amount of $955.00 Filed by Debtor Jaime E Lemus (Le, James) (Entered: 08/30/2013) |
| 09/03/2013 | 30<br>(2 pgs) | Order Denying Request for Release of Unclaimed Funds (BNC-PDF) Signed on 9/3/2013 (RE: related document(s)29 Motion for order releasing unclaimed funds filed by Debtor Jaime E Lemus). (Le, James) (Entered: 09/03/2013) |
| 09/05/2013 | 31<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)30 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 09/05/2013. (Admin.) (Entered: 09/05/2013) |
| 10/08/2013 | 32<br>(5 pgs) | Motion for order releasing unclaimed funds In the Amount of $955.00 Filed by Debtor Jaime E Lemus (Le, James) (Entered: 10/10/2013) |
| 10/10/2013 | 33<br>(2 pgs) | Order Denying Request for Release of Unclaimed Funds(BNC-PDF) Signed on 10/10/2013 (RE: related document(s)32 Motion for order releasing unclaimed funds filed by Debtor Jaime E Lemus). (Le, James) (Entered: 10/10/2013) |
| | 34 | BNC Certificate of Notice - PDF Document. (RE: |

| | | |
|---|---|---|
| 10/12/2013 | (3 pgs) | related document(s)33 ORDER to pay unclaimed funds (BNC-PDF)) No. of Notices: 1. Notice Date 10/12/2013. (Admin.) (Entered: 10/12/2013) |
| 11/18/2014 | 35<br>(9 pgs; 2 docs) | Motion to vacate order Filed by 3rd Party Plaintiff Duane Poe (Attachments: # 1 Affidavit Declaration) (Bahadori, Amid) (Entered: 11/18/2014) |
| 11/18/2014 | 36 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected.** **THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH CORRECT HEARING INFORMATION.** (RE: related document(s)35 Motion to vacate order filed by 3rd Party Plaintiff Duane Poe) (May, Thais D.) (Entered: 11/18/2014) |
| 01/21/2015 | 37<br>(6 pgs) | Motion *for Relief of Order* Filed by 3rd Party Plaintiff Duane Poe (Bahadori, Amid) (Entered: 01/21/2015) |
| 01/21/2015 | 38 | Hearing Set (RE: related document(s)37 Generic Motion filed by 3rd Party Plaintiff Duane Poe) The Hearing date is set for 2/24/2015 at 09:00 AM at Crtrm 1575, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sandra R. Klein (May, Thais D.) CORRECTION: MATTER NOT CALENDARED SEE DOCKET ENTRY NO. 39 Modified on 2/6/2015 (May, Thais D.). (Entered: 01/21/2015) |
| 02/06/2015 | 39 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected.** **THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH CORRECT HEARING INFORMATION.** (RE: related document(s)37 Generic Motion filed by 3rd Party Plaintiff Duane Poe) (May, Thais D.) (Entered: 02/06/2015) |
| | 40<br>(119 pgs; 5 docs) | Opposition to (related document(s): 37 Motion *for Relief of Order* filed by 3rd Party Plaintiff Duane Poe) Filed by Creditor Grace Tong (Attachments: # 1 Affidavit # 2 Request for Judicial Notice # 3 Exhibit # 4 Exhibit) (Howell, Laurie) (Entered: |

| | | |
|---|---|---|
| 02/09/2015 | | 02/09/2015) |
| 02/09/2015 | 41 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected.** **THE** (RE: related document(s)40 Opposition filed by Creditor Grace Tong) (May, Thais D.) (Entered: 02/09/2015) |
| 05/19/2015 | 42 (11 pgs) | Motion to vacate order Filed by 3rd Party Plaintiff Duane Poe (Bahadori, Amid) (Entered: 05/19/2015) |
| 05/19/2015 | 43 | Hearing Set (RE: related document(s)42 Motion to vacate order filed by 3rd Party Plaintiff Duane Poe) The Hearing date is set for 6/17/2015 at 09:00 AM at Crtrm 1575, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sandra R. Klein (May, Thais D.) CORRECTION: HEARING DATE INCORRECT - INCORRECT CHAPTER REFLECTED ON DOCUMENT. Modified on 6/3/2015 (May, Thais D.). (Entered: 05/19/2015) |
| 06/02/2015 | 44 (137 pgs; 5 docs) | Opposition to (related document(s): 42 Motion to vacate order filed by 3rd Party Plaintiff Duane Poe) Filed by Creditor Grace Tong (Attachments: # 1 Affidavit # 2 Request for Judicial Notice # 3 Exhibit # 4 Exhibit) (Howell, Laurie) (Entered: 06/02/2015) |
| 06/03/2015 | 45 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. MATTER NOT CALENDARED THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH CORRECT HEARING INFORMATION. Other - Incorrect chapter reflected on document** (RE: related document(s) 42 Motion to vacate order filed by 3rd Party Plaintiff Duane Poe) (May, Thais D.) (Entered: 06/03/2015) |
| 08/11/2015 | 46 (11 pgs) | Motion to vacate order Filed by 3rd Party Plaintiff Duane Poe (Bahadori, Amid) (Entered: 08/11/2015) |
| | 47 | Hearing Set (RE: related document(s)46 Motion to vacate order filed by 3rd Party Plaintiff Duane Poe) The Hearing date is set for 9/24/2015 at 09:00 AM |

| | | |
|---|---|---|
| 08/26/2015 | | at Crtrm 1575, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sandra R. Klein (Pickett, Betty) (Entered: 08/26/2015) |
| 08/26/2015 | 48<br>(98 pgs; 4 docs) | Opposition to (related document(s): 46 Motion to vacate order filed by 3rd Party Plaintiff Duane Poe) Filed by Creditor Grace Tong (Attachments: # 1 Request for Judicial Notice with exhibits 1-6 # 2 Exhibit # 3 Exhibit) (Howell, Laurie) (Entered: 08/26/2015) |
| 08/26/2015 | 49<br>(39 pgs) | Declaration re: *Declaration of Bounlet Louvan in Opposition to Motion* Filed by Creditor Grace Tong (RE: related document(s)48 Opposition). (Howell, Laurie) (Entered: 08/26/2015) |
| 08/26/2015 | 50 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. DATE NO LONGER AVAILABLE ON COURT'S CALENDAR - MATTER TO BE SET ON AVAILABLE OCTOBER HEARING DATE. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH CORRECT HEARING INFORMATION.** (RE: related document(s)46 Motion to vacate order filed by 3rd Party Plaintiff Duane Poe) (May, Thais D.) (Entered: 08/26/2015) |
| 09/10/2015 | 51<br>(5 pgs) | Motion for order releasing unclaimed funds In the Amount of $955.00 Filed by Debtor Jaime E Lemus (Walter, Earnestine) (Entered: 09/18/2015) |
| 09/21/2015 | 52<br>(1 pg) | ORDER to pay unclaimed funds (BNC-PDF) Signed on 9/21/2015 (RE: related document(s)51 Motion for order releasing unclaimed funds filed by Debtor Jaime E Lemus). (Walter, Earnestine) (Entered: 09/21/2015) |
| 09/23/2015 | 53<br>(2 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)52 ORDER to pay unclaimed funds (BNC-PDF)) No. of Notices: 1. Notice Date 09/23/2015. (Admin.) (Entered: 09/23/2015) |
| 12/22/2015 | 54<br>(11 pgs) | Motion to vacate order Filed by 3rd Party Plaintiff Duane Poe (Bahadori, Amid) (Entered: 12/22/2015) |

| | | |
|---|---|---|
| 12/22/2015 | 55 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH CORRECT HEARING INFORMATION.** (RE: related document(s)54 Motion to vacate order filed by 3rd Party Plaintiff Duane Poe) (May, Thais D.) (Entered: 12/22/2015) |
| 01/06/2016 | 56 (2 pgs) | Notice Filed by 3rd Party Plaintiff Duane Poe (RE: related document(s)54 Motion to vacate order Filed by 3rd Party Plaintiff Duane Poe). (Bahadori, Amid) (Entered: 01/06/2016) |
| 01/12/2016 | 57 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. Incorrect hearing date/time/location was selected. DATE NO LONGER AVAILABLE ON COURT'S CALENDAR - MATTER TO BE SET ON AVAILABLE MARCH HEARING DATE. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH CORRECT HEARING INFORMATION.** (RE: related document(s)56 Notice filed by 3rd Party Plaintiff Duane Poe) (Pickett, Betty) (Entered: 01/12/2016) |
| 01/14/2016 | 58 (2 pgs) | Notice of motion/application *Amended* Filed by 3rd Party Plaintiff Duane Poe (RE: related document(s) 54 Motion to vacate order Filed by 3rd Party Plaintiff Duane Poe). (Bahadori, Amid) (Entered: 01/14/2016) |
| 01/14/2016 | 59 | Hearing Set (RE: related document(s)54 Motion to vacate order filed by 3rd Party Plaintiff Duane Poe) The Hearing date is set for 3/24/2016 at 09:00 AM at Crtrm 1575, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sandra R. Klein (May, Thais D.) (Entered: 01/14/2016) |
| 02/26/2016 | 60 (137 pgs; 5 docs) | Opposition to (related document(s): 54 Motion to vacate order filed by 3rd Party Plaintiff Duane Poe) Filed by Creditor Grace Tong (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Affidavit) (Howell, Laurie) (Entered: 02/26/2016) |
| | | |

| | | |
|---|---|---|
| 03/21/2016 | 61<br>(1 pg) | Document RE: Personal Appeal Filed by 3rd Party Plaintiff Duane Poe (Carranza, Shemainee) (Entered: 03/21/2016) |
| 03/25/2016 | 62<br>(4 pgs) | Notice of lodgment *of Order* Filed by Creditor Grace Tong (RE: related document(s)54 Motion to vacate order Filed by 3rd Party Plaintiff Duane Poe). (Howell, Laurie) (Entered: 03/25/2016) |
| 03/25/2016 | 63<br>(2 pgs) | Order Denying Motion for Relief from Order Granting Relief from Stay (BNC-PDF) (Related Doc # 54 ) Signed on 3/25/2016 (May, Thais D.) (Entered: 03/25/2016) |
| 03/27/2016 | 64<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)63 ORDER vacating an order (BNC-PDF)) No. of Notices: 1. Notice Date 03/27/2016. (Admin.) (Entered: 03/27/2016) |

## PACER Service Center

### Transaction Receipt

| | | | |
|---|---|---|---|
| 06/03/2016 09:32:15 | | | |
| **PACER Login:** | Pacerwolf:2558381:4814562 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:11-bk-58304-SK Fil or Ent: filed From: 3/4/2000 To: 6/3/2016 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

# EXHIBIT 12

3-19-12 @ 11:00
Marlene
4/19/2012

ATTN: LEGAL and BANKRUPTCY DEPT

FAX# 818-775-2700

PAGES: ~~6~~ 5 INCLUDING COVER SHEET

MESSAGE: Please be advised of a bankruptcy filing for property:

5431 FULTON AVENUE

LOS ANGELES, CA 91401

TS# 250690CA

SALE DATE and TIME: 03/19/2012 @ 10:30AM

2250067351

RECORDING REQUESTED BY
CALIFORNIA RECONVEYANCE COMPANY

AND WHEN RECORDED MAIL TO

CALIFORNIA RECONVEYANCE COMPANY
9200 Oakdale Avenue – CA2-4379
Chatsworth, CA 91311
800-892-6902

**Trustee Sale No.** **250690CA**
Loan No. 0695067660
Title Order No. 839328

# NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 03-29-2005. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

On 03-19-2012 at 11:00 A.M., CALIFORNIA RECONVEYANCE COMPANY as the duly appointed Trustee under and pursuant to Deed of Trust Recorded 04-08-2005, Book N/A, Page N/A, Instrument 05 0816173 of official records in the Office of the Recorder of LOS ANGELES County, California, executed by: JEFFREY W TODD, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY, as Trustor, LONG BEACH MORTGAGE COMPANY, as Beneficiary, will sell at public auction sale to the highest bidder for cash, cashier's check drawn by a state or national bank, a cashier's check drawn by a state or federal credit union, or a cashier's check drawn by a state or federal savings and loan association, savings association, or savings bank specified in section 5102 of the Financial Code and authorized to do business in this state. Sale will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to the Deed of Trust. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, interest thereon, estimated fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Place of Sale: BY THE FOUNTAIN LOCATED AT 400 CIVIC CENTER PLAZA, POMONA, CA 91766.

Legal Description: LOT 9 OF TRACT NO. 20127, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 519 PAGES 22 AND 23 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. EXCEPT THEREFROM THE NORTH 50 FEET. ALSO EXCEPT THEREFROM THAT PORTION OF SAID LOT 9, LYING WITHIN THE WESTERLY 150 FEET OF LOT 114 OF TRACT NO. 1000, AS PER MAP RECORDED IN BOOK 19 PAGE 2 OF MAPS.

Amount of unpaid balance and other charges: $730,551.99 (estimated)

Street address and other common designation of the real property: 5431 FULTON AVENUE
LOS ANGELES, CA 91401
APN Number: 2344-015-009

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. The property heretofore described is being sold "as is".

In compliance with California Civil Code 2923.5(c) the mortgagee, trustee, beneficiary, or authorized agent declares: that it has contacted the borrower(s) to assess their financial situation and to explore options to avoid foreclosure; or that it has made efforts to contact the borrower(s) to assess their financial situation and to explore options to avoid foreclosure by one of the following methods: by telephone; by United States mail; either 1st class or certified; by overnight delivery; by personal delivery; by e-mail; by face to face meeting.

United States Bankruptcy Court
Central District of California

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 13 of the United States Bankruptcy Code, entered on 03/14/2012 at 8:35 AM and filed on 03/14/2012.

FILED
03/14/2012

**Margarita Lucero**
4748 Hammel St
Los Angeles, CA 90022
LOS ANGELES-CA
323-214-9003
SSN / ITIN: xxx-xx-3664

The bankruptcy trustee is:

***Trustee***
**Kathy A Dockery (TR)**
700 S. Flower Street, Suite 1950
Los Angeles, CA 90017
(213) 996-4400

The case was assigned case number 2:12-bk-19065-NB, to Judge Neil W. Bason.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page www.cacb.uscourts.gov or at the Clerk's Office, 255 E. Temple Street, Room 940, Los Angeles, CA 90012.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Kathleen J. Campbell**
**Clerk, U.S. Bankruptcy Court**

**RECORDING REQUESTED BY:**
JEFFREY TODD AS CO-TRUSTEE

**WHEN RECORDED MAIL TO**
**AND MAIL TAX STATEMENTS TO:**

JEFFREY TODD
11054 Ventura Blvd, #400
Studio City, CA 91604

03/15/2012
*20120411257*

APN#: 2344-015-009

Space Above This Line For Recorder's Use

# TRUST TRANSFER GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s):
DOCUMENTARY TRANSFER TAX is $ NONE. CITY TAX $ NONE.

☒ "This conveyance transfers an interest into or out of a living trust, R & T 11930"
☒ Excluded from Reappraisal Under Proposition 13, California Constitution Article 13A § 1, et seq.

JEFFREY TODD as cotrustee of THE JEFFREY TODD REVOCABLE TRUST hereby GRANT(s) to JEFFREY TODD, Ismael Matos AND Margarita Lucero AS CO-TRUSTEES OF THE JEFFREY TODD REVOCABLE TRUST,

the following described real property in the City of Los Angeles, County of Los Angeles, State of California:

Legal Description: LOT 9 OF TRACT NO. 20127, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 519 PAGES 22 AND 23 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
EXCEPT THEREFROM THE NORTH 50 FEET. ALSO EXCEPT THEREFROM THAT PORTION OF SAID LOT 9, LYING WITHIN THE WESTERLY 150 FEET OF LOT 114 OF TRACT NO. 1000, AS PER MAP RECORDED IN BOOK 19 PAGE 2 OF MAPS.

Said real property is commonly known as: 5431 Fulton Avenue, Los Angeles, CA 91401

Dated: 3-15-12

[signature]
JEFFREY TODD as CoTrustee

STATE OF CALIFORNIA }
COUNTY OF Los Angeles } S.S.

On Mar. 15, 2012 before me, Betty Patterson, a notary public in and for said state, personally appeared Jeffrey Todd, who proved to me on the basis of satisfactory evidence to be the ~~person(s)~~ whose ~~name(s)~~ is/~~are~~ subscribed to the within instrument and acknowledged to me that he/~~she/they~~ executed the same in his/~~her/their~~ authorized capacity(~~ies~~), and that by his/~~her/their~~ signature(~~s~~) on the instrument the person(~~s~~), or the entity upon behalf of which the person(~~s~~) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS ~~my hand and official seal~~.
Signature [signature] (Seal)

BETTY PATTERSON
Commission # 1849739
Notary Public - California
Los Angeles County
My Comm. Expires Jun 9, 2013

# EXHIBIT 13

**CONVERTED, Incomplete, PRVDISM, DISMISSED, CLOSED**

# U.S. Bankruptcy Court
# Central District of California (Los Angeles)
# Bankruptcy Petition #: 2:12-bk-19065-RN

*Assigned to:* Richard M Neiter
Chapter 7
Previous chapter 13
Voluntary
No asset

*Date filed:* 03/14/2012
*Date converted:* 04/20/2012
*Date terminated:* 03/27/2013
*Debtor dismissed:* 01/24/2013
*341 meeting:* 12/31/2012
*Deadline for objecting to discharge:* 01/07/2013
*Deadline for financial mgmt. course:* 01/07/2013

*Debtor disposition:* Dismissed for Failure to File Information

***Debtor***
**Margarita Lucero**
4748 Hammel St
Los Angeles, CA 90022
LOS ANGELES-CA
323-214-9003
SSN / ITIN: xxx-xx-3664

represented by **Margarita Lucero**
PRO SE

***Trustee***
**Kathy A Dockery (TR)**
700 S. Flower Street, Suite 1950
Los Angeles, CA 90017
(213) 996-4400
*TERMINATED: 04/20/2012*

***Trustee***
**Peter J Mastan (TR)**
550 S Hope Street, Suite 825
Los Angeles, CA 90071-2627
213-452-4928

***U.S. Trustee***
**United States Trustee (LA)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| | 1 (6 pgs; 3 docs) | Chapter 13 Voluntary Petition . Fee Amount $281 Filed by Margarita Lucero Schedule A due |

| | | |
|---|---|---|
| 03/14/2012 | | 3/28/2012. Schedule B due 3/28/2012. Schedule C due 3/28/2012. Schedule D due 3/28/2012. Schedule E due 3/28/2012. Schedule F due 3/28/2012. Schedule G due 3/28/2012. Schedule H due 3/28/2012. Schedule I due 3/28/2012. Schedule J due 3/28/2012. Statement of Financial Affairs due 3/28/2012. Chapter 13 Plan due by 3/28/2012. Statement - Form 22C Due: 3/28/2012.Statement of Related Case due 3/28/2012. Notice of available chapters due 3/28/2012. Statement of assistance of non-attorney due 3/28/2012. Verification of creditor matrix due 3/28/2012. Summary of schedules due 3/28/2012. Declaration concerning debtors schedules due 3/28/2012. Cert. of Credit Counseling due by 3/28/2012. Statistical Summary due 3/28/2012. Exhibit D due 3/28/2012. Debtor Certification of Employment Income due by 3/28/2012. Incomplete Filings due by 3/28/2012. (Marshall, Kacye) (Entered: 03/14/2012) |
| 03/14/2012 | 2 (2 pgs) | Meeting of Creditors with 341(a) meeting to be held on 04/20/2012 at 01:00 PM at RM 103, 725 S Figueroa St, Los Angeles, CA 90017. Confirmation hearing to be held on 05/16/2012 at 10:00 AM at Crtrm 1545, 255 E Temple St., Los Angeles, CA 90012. Proof of Claim due by 07/19/2012. (Marshall, Kacye) (Entered: 03/14/2012) |
| 03/14/2012 | 3 | Statement of Social Security Number(s) Form B21 Filed by Debtor Margarita Lucero . (Marshall, Kacye) (Entered: 03/14/2012) |
| 03/14/2012 | | Receipt of Chapter 13 Filing Fee - $281.00 by 18. Receipt Number 20138802. (admin) (Entered: 03/15/2012) |
| 03/16/2012 | 4 (4 pgs) | BNC Certificate of Notice (RE: related document(s) 2 Meeting (AutoAssign Chapter 13)) No. of Notices: 5. Notice Date 03/16/2012. (Admin.) (Entered: 03/16/2012) |
| 03/16/2012 | 5 (3 pgs) | BNC Certificate of Notice (RE: related document(s) 1 Voluntary Petition (Chapter 13) filed by Debtor Margarita Lucero) No. of Notices: 1. Notice Date 03/16/2012. (Admin.) (Entered: 03/16/2012) |
| | 6 (3 pgs) | BNC Certificate of Notice (RE: related document(s) 1 Voluntary Petition (Chapter 13) filed by Debtor |

| | | |
|---|---|---|
| 03/16/2012 | | Margarita Lucero) No. of Notices: 1. Notice Date 03/16/2012. (Admin.) (Entered: 03/16/2012) |
| 04/05/2012 | 7<br>(3 pgs) | Notice of Hearing Filed by. (Dockery (TR), Kathy) (Entered: 04/05/2012) |
| 04/19/2012 | 8<br>(45 pgs; 2 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 8223 East Via De Viva Street Scottsdale, AZ 85258 . Fee Amount $176, Filed by Creditor Wells Fargo Bank, N.A. as Trustee for First Franklin Mortgage Loan Trust 2006-FF15, Mortgage Pass-Through Certificates, Series 2006-FF15, its assignees and/or successors (Attachments: # 1 Exhibit) (Loftus, Terry) (Entered: 04/19/2012) |
| 04/19/2012 | | Receipt of Motion for Relief from Stay - Real Property(2:12-bk-19065-NB) [motion,nmrp] ( 176.00) Filing Fee. Receipt number 26641105. Fee amount 176.00. (U.S. Treasury) (Entered: 04/19/2012) |
| 04/19/2012 | 9 | Hearing Set (RE: related document(s)8 Motion for Relief from Stay - Real Property filed by Creditor Wells Fargo Bank, N.A. as Trustee for First Franklin Mortgage Loan Trust 2006-FF15, Mortgage Pass-Through Certificates, Series 2006-FF15, its assignees and/or successors) The Hearing date is set for 5/29/2012 at 10:00 AM at Crtrm 1545, 255 E Temple St., Los Angeles, CA 90012. The case judge is Neil W. Bason (Vandensteen, Nancy) (Entered: 04/19/2012) |
| 04/20/2012 | | Receipt of Conversion Fee to Ch7 from Ch13 - $25.00 by 20. Receipt Number 20141763. (admin) (Entered: 04/23/2012) |
| 04/20/2012 | 10<br>(4 pgs) | Motion to Convert Case From Chapter 13 to 7. Fee Amount $25 Filed by Debtor Margarita Lucero (Ghaltchi, Dina) (Entered: 04/23/2012) |
| 04/20/2012 | | Judge Richard M Neiter added to case. Involvement of Judge Neil W. Bason Terminated (Ghaltchi, Dina) (Entered: 04/23/2012) |
| | 11<br>(1 pg) | Convert Case Trustee Kathy A Dockery (TR) removed from the case. Trustee Peter J Mastan (TR) added to the case. (Optional BNC) (Ghaltchi, Dina) |

| | | |
|---|---|---|
| 04/20/2012 | | (Entered: 04/23/2012) |
| 04/23/2012 | 12 (3 pgs) | Meeting of Creditors 341(a) meeting to be held on 5/29/2012 at 09:00 AM at RM 101, 725 S Figueroa St., Los Angeles, CA 90017. Cert. of Financial Management due by 7/30/2012. Last day to oppose discharge or dischargeability is 7/30/2012. Proofs of Claims due by 8/27/2012. Government Proof of Claim due by 10/17/2012. (Ghaltchi, Dina) (Entered: 04/23/2012) |
| 04/23/2012 | 13 (3 pgs) | Notice of Requirement to Complete Course in Financial Management (BNC) . (Ghaltchi, Dina) (Entered: 04/23/2012) |
| 04/23/2012 | 14 (3 pgs) | Chapter 13 Trustee's declaration that debtor failed to appear for examination. (Dockery (TR), Kathy) (Entered: 04/23/2012) |
| 04/25/2012 | 15 (4 pgs) | Notice of Hearing Filed by Creditor Wells Fargo Bank, N.A. as Trustee for First Franklin Mortgage Loan Trust 2006-FF15, Mortgage Pass-Through Certificates, Series 2006-FF15, its assignees and/or successors (RE: related document(s)8 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 8223 East Via De Viva Street Scottsdale, AZ 85258 . Fee Amount $176, Filed by Creditor Wells Fargo Bank, N.A. as Trustee for First Franklin Mortgage Loan Trust 2006-FF15, Mortgage Pass-Through Certificates, Series 2006-FF15, its assignees and/or successors). (Loftus, Terry) (Entered: 04/25/2012) |
| 04/25/2012 | 16 | Hearing Set (RE: related document(s)8 Motion for Relief from Stay - Real Property filed by Creditor Wells Fargo Bank, N.A. as Trustee for First Franklin Mortgage Loan Trust 2006-FF15, Mortgage Pass-Through Certificates, Series 2006-FF15, its assignees and/or successors) The Hearing date is set for 6/12/2012 at 09:00 AM at Crtrm 1645, 255 E Temple St., Los Angeles, CA 90012. The case judge is Richard M Neiter (Milano, Sonny) (Entered: 04/25/2012) |
| | 17 (5 pgs) | BNC Certificate of Notice (RE: related document(s) 12 Meeting of Creditors Chapter 7 Asset) No. of Notices: 5. Notice Date 04/25/2012. (Admin.) |

| | | |
|---|---|---|
| 04/25/2012 | | (Entered: 04/25/2012) |
| 04/25/2012 | 18<br>(5 pgs) | BNC Certificate of Notice (RE: related document(s) 13 Notice of Requirement to Complete Course in Financial Management (BNC)) No. of Notices: 1. Notice Date 04/25/2012. (Admin.) (Entered: 04/25/2012) |

# EXHIBIT 14

**RECORDING REQUESTED BY:**
JEFFREY TODD AS CO-TRUSTEE

**WHEN RECORDED MAIL TO**
**AND MAIL TAX STATEMENTS TO:**

JEFFREY TODD
11054 Ventura Blvd, #400
Studio City, CA 91604

08/22/2012
*20121254753*

APN#: 2344-015-009

Space Above This Line For Recorder's Use

# TRUST TRANSFER GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s):
DOCUMENTARY TRANSFER TAX is $ NONE. CITY TAX $ NONE.
☒ "This conveyance transfers an interest into or out of a living trust, R & T 11930"
☒ Excluded from Reappraisal Under Proposition 13, California Constitution Article 13A § 1, et seq.

JEFFREY TODD as cotrustee of THE JEFFREY TODD REVOCABLE TRUST hereby GRANT(s) to JEFFREY TODD, Dale Silva AND Justiniano Jaojoco AS CO-TRUSTEES OF THE JEFFREY TODD REVOCABLE TRUST,

the following described real property in the City of Los Angeles, County of Los Angeles, State of California:

Legal Description: LOT 9 OF TRACT NO. 2012?, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 519 PAGES 22 AND 23 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
EXCEPT THEREFROM THE NORTH 50 FEET. ALSO EXCEPT THEREFROM THAT PORTION OF SAID LOT 9, LYING WITHIN THE WESTERLY 150 FEET OF LOT 114 OF TRACT NO. 1000, AS PER MAP RECORDED IN BOOK 19 PAGE 2 OF MAPS.

Said real property is commonly known as: 5431 Fulton Avenue, Los Angeles, ~~CA 91401~~

Dated: 08-22-12

JEFFREY TODD as CoTrustee

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES } S.S.

On AUGUST 22 2012 before me, VASAN SONNY SANKARY, a notary public in and for said state, personally appeared JEFFREY TODD who proved to me on the basis of satisfactory evidence to be the person(~~s~~) whose name(~~s~~) is/~~are~~ subscribed to the within instrument and acknowledged to me that he/~~she/they~~ executed the same in his/~~her/their~~ authorized capacity(ies), and that by his/~~her/their~~ signature(~~s~~) on the instrument the person(~~s~~), or the entity upon behalf of which the person(~~s~~) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.
Signature ______________________ (Seal)

VASAN SONNY SANKARY
Commission # 1905994
Notary Public - California
Los Angeles County
My Comm. Expires Sep 30, 2014

United States Bankruptcy Court
Central District Of California

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 13 of the United States Bankruptcy Code, entered on 08/20/2012 at 12:57 PM and filed on 08/20/2012.

**Dale Silva**
16322 Stone Grove Ln
Cerritos, CA 90703
SSN / ITIN: xxx-xx-1821

The bankruptcy trustee is:

**Nancy K Curry (TR)**
700 S Flower Street, Suite 1215
Los Angeles, CA 90017
213-689-3014

The case was assigned case number 2:12-bk-38365-VZ to Judge Vincent P. Zurzolo.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page www.cacb.uscourts.gov or at the Clerk's Office, 255 East Temple Street,, Los Angeles, CA 90012.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Kathleen J. Campbell**
**Clerk, U.S. Bankruptcy Court**

United States Bankruptcy Court
Central District Of California

## Notice of Bankruptcy Case Filing

FILED
08/20/2012

A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 13 of the United States Bankruptcy Code, entered on 08/20/2012 at 09:17 AM and filed on 08/20/2012.

**Justiniano Jaojoco**
3914 Grandview Dr
Brea, CA 92823
SSN / ITIN: xxx-xx-1125

The bankruptcy trustee is:

**Amrane (SA) Cohen (TR)**
770 The City Dr So Ste #3300
Orange, CA 92868
714-621-0200

The case was assigned case number 8:12-bk-19866-ES to Judge Erithe A. Smith.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page www.cacb.uscourts.gov or at the Clerk's Office, 411 West Fourth Street, Suite 2030,, Santa Ana, CA 92701-4593.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Kathleen J. Campbell**
**Clerk, U.S. Bankruptcy Court**

# EXHIBIT 15

**BPP, NoFeeRequired, BARDEBTOR, RestrictedDISMISSED, CLOSED**

# U.S. Bankruptcy Court
# Central District of California (Los Angeles)
# Bankruptcy Petition #: 2:12-bk-38365-VZ

*Assigned to:* Vincent P. Zurzolo
Chapter 13
Voluntary
Asset

*Date filed:* 08/20/2012
*Date terminated:* 10/04/2013
*Debtor dismissed:* 12/13/2012
*341 meeting:* 12/11/2012

*Debtor disposition:* Dismissed for Other Reason

***Debtor***
**Dale Silva**
16322 Stone Grove Ln
Cerritos, CA 90703
LOS ANGELES-CA
310-901-0731
SSN / ITIN: xxx-xx-1821

represented by **Nathan V Hoffman**
Law Offices of Nathan V. Hoffman
3255 Wilshire Blvd.
Suite 1402
Los Angeles, CA 90010
213-383-5721
Fax : 213-383-5722
Email: visa_atty@yahoo.com

***Trustee***
**Nancy K Curry (TR)**
1000 Wilshire Blvd., Suite 870
Los Angeles, CA 90017
213-689-3014

***U.S. Trustee***
**United States Trustee (LA)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| | 1 (31 pgs; 3 docs) | Chapter 13 Voluntary Petition . Fee Amount $281 Filed by Dale Silva Schedule F due 9/4/2012. Statement of Financial Affairs due 9/4/2012. Chapter 13 Plan due by 9/4/2012. Statement - Form 22C Due: 9/4/2012. Statement of assistance of non-attorney due 9/4/2012. Verification of creditor matrix due 9/4/2012. Summary of schedules due 9/4/2012. Disclosure of compensation of bankruptcy |

| | | |
|---|---|---|
| 08/20/2012 | | petition preparer due 9/4/2012. Decl. and Ntc. by Petition Preparer (Form 19) due by 9/4/2012. Statistical Summary due 9/4/2012. Incomplete Filings due by 9/4/2012. (Cowan, Sarah) (Entered: 08/20/2012) |
| 08/20/2012 | 2 (2 pgs) | Meeting of Creditors with 341(a) meeting to be held on 10/02/2012 at 09:00 AM at RM 103, 725 S Figueroa St, Los Angeles, CA 90017. Confirmation hearing to be held on 08/05/2013 at 09:00 AM at Crtrm 1368, 255 E Temple St., Los Angeles, CA 90012. Proof of Claim due by 12/31/2012. (Cowan, Sarah) (Entered: 08/20/2012) |
| 08/20/2012 | 3 (1 pg) | Certificate of Credit Counseling Filed by Debtor Dale Silva . (Cowan, Sarah) (Entered: 08/20/2012) |
| 08/20/2012 | 4 | Statement of Social Security Number(s) Form B21 Filed by Debtor Dale Silva . (Cowan, Sarah) (Entered: 08/20/2012) |
| 08/20/2012 | | Receipt of Chapter 13 Filing Fee - $281.00 by 20. Receipt Number 20150158. (admin) (Entered: 08/21/2012) |
| 08/22/2012 | 5 (4 pgs) | BNC Certificate of Notice (RE: related document(s) 2 Meeting (AutoAssign Chapter 13)) No. of Notices: 4. Notice Date 08/22/2012. (Admin.) (Entered: 08/22/2012) |
| 08/22/2012 | 6 (3 pgs) | BNC Certificate of Notice (RE: related document(s) 1 Voluntary Petition (Chapter 13) filed by Debtor Dale Silva) No. of Notices: 1. Notice Date 08/22/2012. (Admin.) (Entered: 08/22/2012) |
| 08/22/2012 | 7 (3 pgs) | BNC Certificate of Notice (RE: related document(s) 1 Voluntary Petition (Chapter 13) filed by Debtor Dale Silva) No. of Notices: 1. Notice Date 08/22/2012. (Admin.) (Entered: 08/22/2012) |
| 08/23/2012 | 8 (41 pgs) | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 10140 Topeka Drive, Northridge, CA 91324 . Fee Amount $176, Filed by Creditor Points West Financial Group SPE, LLC (Zampiello, Philip) (Entered: 08/23/2012) |
| | | |

| | | |
|---|---|---|
| 08/23/2012 | | Receipt of Motion for Relief from Stay - Real Property(2:12-bk-38365-VZ) [motion,nmrp] ( 176.00) Filing Fee. Receipt number 28867977. Fee amount 176.00. (U.S. Treasury) (Entered: 08/23/2012) |
| 08/23/2012 | 9 (10 pgs) | Application shortening time *on Motion for Relief from Stay* Filed by Creditor Points West Financial Group SPE, LLC (Zampiello, Philip) (Entered: 08/23/2012) |
| 08/28/2012 | 10 (3 pgs) | Request for special notice Filed by Creditor Wells Fargo Bank, National Association as Trustee for the Certificateholders of Structured Asset Mortgage Investments II Inc., Bear Stearns Mortgage Funding Trust 2006-AR1, Mortgage Pass-Through Certi. (Jafarnia, Mehrdaud) (Entered: 08/28/2012) |
| 08/29/2012 | 11 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Boivin, Lawrence. (Boivin, Lawrence) (Entered: 08/29/2012) |
| 08/29/2012 | 12 (29 pgs; 5 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations UNLAWFUL DETAINER RE: 16322 Stone Grove Lane, Cerritos, CA 90703 . Fee Amount $176, Filed by Creditor Deutsche Bank National Trust Company, as Trustee (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit) (Howell, Laurie) (Entered: 08/29/2012) |
| 08/29/2012 | | Receipt of Motion for Relief from Stay - Unlawful Detainer(2:12-bk-38365-VZ) [motion,nmud] ( 176.00) Filing Fee. Receipt number 28959280. Fee amount 176.00. (U.S. Treasury) (Entered: 08/29/2012) |
| 08/30/2012 | 13 | Hearing Set (RE: related document(s)12 Motion for Relief from Stay - Unlawful Detainer filed by Creditor Deutsche Bank National Trust Company, as Trustee) The Hearing date is set for 9/25/2012 at 09:30 AM at Crtrm 1368, 255 E Temple St., Los Angeles, CA 90012. The case judge is Vincent P. Zurzolo (Johnson, Tina R.) (Entered: 08/30/2012) |
| | 14 (3 pgs) | Order Granting Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF) (Related Doc # 8,9) Signed on 9/4/2012 (Tatum, Shafari) . |

| | | |
|---|---|---|
| 09/04/2012 | | (Entered: 09/04/2012) |
| 09/04/2012 | 16 (15 pgs) | Chapter 13 Plan Filed by Debtor Dale Silva (RE: related document(s)1 Chapter 13 Voluntary Petition . Fee Amount $281 Filed by Dale Silva Schedule F due 9/4/2012. Statement of Financial Affairs due 9/4/2012. Chapter 13 Plan due by 9/4/2012. Statement - Form 22C Due: 9/4/2012. Statement of assistance of non-attorney due 9/4/2012. Verification of creditor matrix due 9/4/2012. Summary of schedules due 9/4/2012. Disclosure of compensation of bankruptcy petition preparer due 9/4/2012. Decl. and Ntc. by Petition Preparer). (Marshall, Kacye) (Entered: 09/05/2012) |
| 09/04/2012 | 17 (36 pgs) | Chapter 13 Statement of Current Monthly and Disposable Income , Declaration and Signature of Non-Attorney Bankruptcy Petition Preparer (Form 19) , Disclosure of compensation of bankruptcy petition preparer , Matrix (Mailing List) , Statement of assistance of non-attorney , Statement of Financial Affairs , Statistical Summary of Certain Liabilities, Summary of Schedules , Schedule F , Amendment to List of Creditors. Fee Amount $30 Filed by Debtor Dale Silva (RE: related document(s) 1 Voluntary Petition (Chapter 13)). (Marshall, Kacye) (Entered: 09/05/2012) |
| 09/04/2012 | 21 (5 pgs) | Debtor's notice of section 341(a) meeting and hearing on confirmation of chapter 13 plan with copy of chapter 13 plan Filed by Debtor Dale Silva . (Marshall, Kacye) (Entered: 09/10/2012) |
| 09/05/2012 | 15 (6 pgs) | Order Denying Application Setting Hearing on Shortened Notice (Related Doc # 9 ) Signed on 9/5/2012 (Tatum, Shafari) (Entered: 09/05/2012) |
| 09/06/2012 | 18 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Giles, Philip. (Giles, Philip) (Entered: 09/06/2012) |

# EXHIBIT 16

**PlnDue, PRVDISM, PRVDISCH, DISMISSED, Incomplete, CLOSED**

## U.S. Bankruptcy Court
## Central District of California (Santa Ana)
## Bankruptcy Petition #: 8:12-bk-22127-ES

*Assigned to:* Erithe A. Smith
Chapter 13
Voluntary
Asset

*Date filed:* 10/18/2012
*Date terminated:* 05/21/2013
*Debtor dismissed:* 11/06/2012
*341 meeting:* 12/04/2012

*Debtor disposition:* Dismissed for Failure to File Information

***Debtor***
**Justiniano Jaojoco**
3914 Grandview Dr
Brea, CA 92823
ORANGE-CA
SSN / ITIN: xxx-xx-1125

represented by **Justiniano Jaojoco**
PRO SE

***Trustee***
**Amrane (SA) Cohen (TR)**
770 The City Drive South Suite 8500
Orange, CA 92868
714-621-0200

***U.S. Trustee***
**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593
(714) 338-3400

| Filing Date | # | Docket Text |
|---|---|---|
| | 1 (10 pgs; 3 docs) | Chapter 13 Voluntary Petition . Fee Amount $281 Filed by Justiniano Jaojoco Schedule A due 11/1/2012. Schedule B due 11/1/2012. Schedule C due 11/1/2012. Schedule D due 11/1/2012. Schedule E due 11/1/2012. Schedule F due 11/1/2012. Schedule G due 11/1/2012. Schedule H due 11/1/2012. Schedule I due 11/1/2012. Schedule J due 11/1/2012. Statement of Financial Affairs due 11/1/2012. Chapter 13 Plan due by 11/1/2012. Statement - Form 22C Due: 11/1/2012.Statement of Related Case due 11/1/2012. Notice of available chapters due 11/1/2012. Statement of assistance of non-attorney due 11/1/2012. Summary of schedules due 11/1/2012. Declaration concerning debtors schedules due 11/1/2012. Cert. of Credit Counseling due by 11/1/2012. Statistical Summary due 11/1/2012. Debtor Certification of Employment Income due by 11/1/2012. Incomplete Filings due |

| | | |
|---|---|---|
| 10/18/2012 | | by 11/1/2012. (Shimizu, Tina) (Entered: 10/18/2012) |
| 10/18/2012 | 2 (2 pgs) | Meeting of Creditors 341(a) meeting to be held on 12/4/2012 at 02:00 PM at RM 1-154, 411 W Fourth St., Santa Ana, CA 92701.Objection 523 Complaint Due: 2/4/2013. Proofs of Claims due by 3/4/2013. Government Proof of Claim due by 4/16/2013. Confirmation hearing to be held on 12/18/2012 at 01:30 PM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Shimizu, Tina) (Entered: 10/18/2012) |
| 10/18/2012 | 3 | Statement of Social Security Number(s) Form B21 Filed by Debtor Justiniano Jaojoco . (Shimizu, Tina) (Entered: 10/18/2012) |
| 10/18/2012 | 4 (2 pgs) | Exhibit D Filed by Debtor Justiniano Jaojoco . (Shimizu, Tina) (Entered: 10/18/2012) |
| 10/18/2012 | | Receipt of Chapter 13 Filing Fee - $281.00 by 12. Receipt Number 80050989. (admin) (Entered: 10/19/2012) |
| 10/20/2012 | 5 (4 pgs) | BNC Certificate of Notice (RE: related document(s)2 Meeting of Creditors Chapter 13) No. of Notices: 4. Notice Date 10/20/2012. (Admin.) (Entered: 10/20/2012) |
| 10/20/2012 | 6 (3 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Justiniano Jaojoco) No. of Notices: 1. Notice Date 10/20/2012. (Admin.) (Entered: 10/20/2012) |
| 10/20/2012 | 7 (3 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Justiniano Jaojoco) No. of Notices: 1. Notice Date 10/20/2012. (Admin.) (Entered: 10/20/2012) |
| 10/28/2012 | 8 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Singh, Ramesh. (Singh, Ramesh) (Entered: 10/28/2012) |
| 11/06/2012 | 9 (1 pg) | ORDER and notice of dismissal for failure to file schedules, statements, and/or plan - **Debtor** Dismissed. All pending motions and adversary proceedings are moot and dismissed. (BNC) Signed on 11/6/2012. (Beezer, Cynthia) (Entered: 11/06/2012) |
| 11/08/2012 | 10 (3 pgs) | BNC Certificate of Notice (RE: related document(s)9 ORDER and notice of dismissal for failure to file schedules, statements, and/or plan (Option A or Option B) (BNC)) No. of Notices: 3. Notice Date 11/08/2012. (Admin.) (Entered: 11/08/2012) |
| | 11 (5 pgs) | Notice of Intent to File Trustees Final Report and Account - Chapter 13 Dismissed/Converted . (Cohen (TR), Amrane |

| | | |
|---|---|---|
| 12/04/2012 | | (SA)) (Entered: 12/04/2012) |
| 12/18/2012 | 12 | Hearing Held RE: Confirmation of Chapter 13 Plan - OFF CALENDAR: ORDER DISMISSING CASE FOR FAILURE TO FILE SCHEDULES, STATEMENTS AND/OR PLAN ENTEED 11/6/12 (Deramus, Glenda) (Entered: 12/31/2012) |
| 01/15/2013 | 13 (1 pg) | ORDER discharging chapter 13 panel trustee and exonerate bond liability (BNC-PDF) Signed on 1/15/2013. (Peres, Carlos) (Entered: 01/15/2013) |
| 01/16/2013 | 14 (3 pgs) | Chapter 13 Trustee's Final Report and Account . (Cohen (TR), Amrane (SA)) (Entered: 01/16/2013) |
| 01/16/2013 | 15 (1 pg) | Declaration re: non-receipt of obj to trustee's final report (Dismissed/Converted Chapter 13 Cases) Filed by. (Cohen (TR), Amrane (SA)) (Entered: 01/16/2013) |
| 01/16/2013 | 16 (1 pg) | Proof of service Filed by (RE: related document(s)14 Chapter 13 Trustee's Final Report and Account (batch)). (Cohen (TR), Amrane (SA)) (Entered: 01/16/2013) |
| 05/21/2013 | 17 | Bankruptcy Case Closed - DISMISSED. An Order dismissing this case was entered and notice was provided to parties in interest. Since it appears that no further matters are required and that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (RE: related document(s)2 Meeting of Creditors Chapter 13) (Bernson, Alicia) (Entered: 05/21/2013) |

## PACER Service Center

### Transaction Receipt

06/15/2016 15:02:22

| | | | |
|---|---|---|---|
| **PACER Login:** | Pacerwolf:2558381:4814562 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:12-bk-22127-ES Fil or Ent: filed From: 3/17/2000 To: 6/15/2016 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |

| | | | |
|---|---|---|---|
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

# EXHIBIT 17

**This page is part of your document - DO NOT DISCARD**

# 20121597853

**Pages: 0002**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**10/22/12 AT 01:24PM**

| | |
|---|---|
| FEES: | 19.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 19.00 |

LEADSHEET

201210220720025

**00006636266**

004372367

**SEQ:**
**01**

DAR - Counter (Upfront Scan)

**THIS FORM IS NOT TO BE DUPLICATED**

E521957

**RECORDING REQUESTED BY:**
JEFFREY TODD AS CO-TRUSTEE

**WHEN RECORDED MAIL TO**
**AND MAIL TAX STATEMENTS TO:**

JEFFREY TODD
11054 Ventura Blvd, #400
Studio City, CA 91604

APN#: 2344-015-009 Space Above This Line For Recorder's Use

# TRUST TRANSFER GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s):
DOCUMENTARY TRANSFER TAX is $ NONE. CITY TAX $ NONE.

☒ "This conveyance transfers an interest into or out of a living trust, R & T 11930"
☒ Excluded from Reappraisal Under Proposition 13, California Constitution Article 13A § 1, et seq.

JEFFREY TODD as cotrustee of THE JEFFREY TODD REVOCABLE TRUST hereby GRANT(s) to JEFFREY TODD, Roberto Lara AND Ruby Almanza AS CO-TRUSTEES OF THE JEFFREY TODD REVOCABLE TRUST,

the following described real property in the City of Los Angeles, County of Los Angeles, State of California:

Legal Description: LOT 9 OF TRACT NO. 2012[illegible], IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 519 PAGES 22 AND 23 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
EXCEPT THEREFROM THE NORTH 50 FEET. ALSO EXCEPT THEREFROM THAT PORTION OF SAID LOT 9, LYING WITHIN THE WESTERLY 150 FEET OF LOT 114 OF TRACT NO. 1000, AS PER MAP RECORDED IN BOOK 19 PAGE 2 OF MAPS.

Said real property is commonly known as: 5431 Fulton Avenue, Los Angeles, CA 91401

Dated: 10-22-2012

JEFFREY TODD as CoTrustee

STATE OF CALIFORNIA }
COUNTY OF LOS ANGELES } S.S.

On OCTOBER 22, 2012 before me, VASAN SONNY SANKARY, a notary public in and for said state, personally appeared JEFFREY TODD, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.
Signature ______________________ (Seal)

VASAN SONNY SANKARY
Commission # 1905994
Notary Public - California
Los Angeles County
My Comm. Expires Sep 30, 2014

# EXHIBIT 18

**PRVDISCH, PRVDISM, PlnDue, Incomplete, DISMISSED, CLOSED**

# U.S. Bankruptcy Court
# Central District of California (Santa Ana)
# Bankruptcy Petition #: 8:12-bk-24283-ES

*Assigned to:* Erithe A. Smith
Chapter 13
Voluntary
Asset

*Date filed:* 12/19/2012
*Date terminated:* 05/15/2013
*Debtor dismissed:* 01/03/2013
*341 meeting:* 01/29/2013

*Debtor disposition:* Dismissed for Failure to File Information

***Debtor***
**Justiniano S Jaojoco**
3914 Grandview Dr
Brea, CA 92823
ORANGE-CA
SSN / ITIN: xxx-xx-1125
***aka* Justiniano Jaojoco**

represented by **Justiniano S Jaojoco**
PRO SE

***Trustee***
**Amrane (SA) Cohen (TR)**
770 The City Drive South Suite 8500
Orange, CA 92868
714-621-0200

***U.S. Trustee***
**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593
(714) 338-3400

| Filing Date | # | Docket Text |
|---|---|---|
| | 1<br>(10 pgs; 3 docs) | Chapter 13 Voluntary Petition . Fee Amount $281 Filed by Justiniano S Jaojoco Schedule A due 1/2/2013. Schedule B due 1/2/2013. Schedule C due 1/2/2013. Schedule D due 1/2/2013. Schedule E due 1/2/2013. Schedule F due 1/2/2013. Schedule G due 1/2/2013. Schedule H due 1/2/2013. Schedule I due 1/2/2013. Schedule J due 1/2/2013. Statement of Financial Affairs due 1/2/2013. Chapter 13 Plan due by 1/2/2013. Statement - Form 22C Due: 1/2/2013.Statement of Related Case due 1/2/2013. Notice of available chapters due 1/2/2013. Statement of assistance of non-attorney due 1/2/2013. Summary of schedules due 1/2/2013. Declaration concerning debtors schedules due 1/2/2013. Cert. of Credit Counseling due by 1/2/2013. Statistical Summary due 1/2/2013. Debtor Certification of Employment Income due by 1/2/2013. |

| | | |
|---|---|---|
| 12/19/2012 | | Incomplete Filings due by 1/2/2013. (Nguyen, Vi) (Entered: 12/19/2012) |
| 12/19/2012 | 2 (2 pgs) | Meeting of Creditors 341(a) meeting to be held on 1/29/2013 at 02:00 PM at RM 1-154, 411 W Fourth St., Santa Ana, CA 92701.Objection 523 Complaint Due: 4/1/2013. Proofs of Claims due by 4/29/2013. Government Proof of Claim due by 6/17/2013. Confirmation hearing to be held on 2/26/2013 at 01:30 PM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Nguyen, Vi) (Entered: 12/19/2012) |
| 12/19/2012 | 3 | Statement of Social Security Number(s) Form B21 Filed by Debtor Justiniano S Jaojoco . (Nguyen, Vi) (Entered: 12/19/2012) |
| 12/19/2012 | 4 (2 pgs) | Exhibit D Filed by Debtor Justiniano S Jaojoco . (Nguyen, Vi) (Entered: 12/19/2012) |
| 12/19/2012 | | Receipt of Chapter 13 Filing Fee - $281.00 by 16. Receipt Number 80052051. (admin) (Entered: 12/20/2012) |
| 12/21/2012 | 5 (4 pgs) | BNC Certificate of Notice (RE: related document(s)2 Meeting of Creditors Chapter 13) No. of Notices: 3. Notice Date 12/21/2012. (Admin.) (Entered: 12/21/2012) |
| 12/21/2012 | 6 (3 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Justiniano S Jaojoco) No. of Notices: 1. Notice Date 12/21/2012. (Admin.) (Entered: 12/21/2012) |
| 12/21/2012 | 7 (3 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Justiniano S Jaojoco) No. of Notices: 1. Notice Date 12/21/2012. (Admin.) (Entered: 12/21/2012) |
| 01/03/2013 | 8 (1 pg) | ORDER and notice of dismissal for failure to file schedules, statements, and/or plan - **Debtor** Dismissed. All pending motions and adversary proceedings are moot and dismissed. (BNC) Signed on 1/3/2013. (Corona, Heidi) (Entered: 01/03/2013) |
| 01/05/2013 | 9 (3 pgs) | BNC Certificate of Notice (RE: related document(s)8 ORDER and notice of dismissal for failure to file schedules, statements, and/or plan (Option A or Option B) (BNC)) No. of Notices: 2. Notice Date 01/05/2013. (Admin.) (Entered: 01/05/2013) |
| 02/07/2013 | 10 (4 pgs) | Notice of Intent to File Trustees Final Report and Account - Chapter 13 Dismissed/Converted . (Cohen (TR), Amrane (SA)) (Entered: 02/07/2013) |

# EXHIBIT 19

**DISMISSED, Repeat-cacb, RepeatPACER, CLOSED**

# U.S. Bankruptcy Court
# Central District of California (San Fernando Valley)
# Bankruptcy Petition #: 1:14-bk-15604-MB

*Assigned to:* Martin R. Barash
Chapter 13
Voluntary
Asset

*Date filed:* 12/22/2014
*Date terminated:* 07/21/2015
*Debtor dismissed:* 04/23/2015
*Joint debtor dismissed:* 04/23/2015
*341 meeting:* 02/04/2015

*Debtor disposition:* Dismissed for Other Reason
*Joint debtor disposition:* Dismissed for Other Reason

***Debtor***
**Diego P Diloretto**
6545 Columbus Ave.
Van Nuys, CA 91411
LOS ANGELES-CA
SSN / ITIN: xxx-xx-7733

represented by **Tawni Takagi**
Law Office of Tawni Takagi
9227 Reseda Blvd. #155
Northridge, CA 91324
818-472-3477
Fax : 818-855-8769
Email: tawnitakagi@yahoo.com

***Joint Debtor***
**Letitia Jones Diloretto**
6545 Columbus Ave.
Van Nuys, CA 91411
LOS ANGELES-CA
SSN / ITIN: xxx-xx-8874

represented by **Tawni Takagi**
(See above for address)

***Trustee***
**Elizabeth (SV) F Rojas (TR)**
Valley Executive Center
15260 Ventura Blvd., Suite 710
Sherman Oaks, CA 91403
818-933-5700

***U.S. Trustee***
**United States Trustee (SV)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 91007
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| | 1 | Chapter 13 Voluntary Petition . Fee Amount $310 |

| | | |
|---|---|---|
| 12/22/2014 | (12 pgs; 3 docs) | Filed by Diego P Diloretto, Letitia Jones Diloretto Summary of Schedules (Form B6 Pg 1) due 01/5/2015. Schedule A (Form B6A) due 01/5/2015. Schedule B (Form B6B) due 01/5/2015. Schedule C (Form B6C) due 01/5/2015. Schedule D (Form B6D) due 01/5/2015. Schedule E (Form B6E) due 01/5/2015. Schedule F (Form B6F) due 01/5/2015. Schedule G (Form B6G) due 01/5/2015. Schedule H (Form B6H) due 01/5/2015. Schedule I (Form B6I) due 01/5/2015. Schedule J (Form B6J) due 01/5/2015. Declaration Concerning Debtors Schedules (Form B6) due 01/5/2015. Statement of Financial Affairs (Form B7) due 01/5/2015. Chapter 13 Plan (LBR F3015-1) due by 01/5/2015. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form B22C-1) Due: 01/5/2015.Statement of Related Cases due 01/5/2015. Notice of Available Chapters (Form B201) due 01/5/2015. Statistical Summary (Form B6 Pg 2) due 01/5/2015. Disclosure of Compensation of Attorney for Debtor (Form B203) due 01/5/2015. Debtor Certification of Employment Income due by 01/5/2015. Verification of Master Mailing List of Creditors (LBR 1007-1(d)- Local Form) due 01/5/2015. Incomplete Filings due by 01/5/2015. (Takagi, Tawni) (Entered: 12/22/2014) |
| 12/22/2014 | 2 (1 pg) | Declaration Re: Electronic Filing Filed by Debtor Diego P Diloretto, Joint Debtor Letitia Jones Diloretto. (Takagi, Tawni) (Entered: 12/22/2014) |
| 12/22/2014 | 3 (1 pg) | Certificate of Credit Counseling Filed by Debtor Diego P Diloretto. (Takagi, Tawni) (Entered: 12/22/2014) |
| 12/22/2014 | 4 (1 pg) | Certificate of Credit Counseling Filed by Joint Debtor Letitia Jones Diloretto. (Takagi, Tawni) (Entered: 12/22/2014) |
| 12/22/2014 | 5 | Statement of Social Security Number(s) (Official Form B21) Filed by Debtor Diego P Diloretto, Joint Debtor Letitia Jones Diloretto. (Takagi, Tawni) (Entered: 12/22/2014) |
| | 6 (2 pgs) | Meeting of Creditors with 341(a) meeting to be held on 02/04/2015 at 09:00 AM at RM 105, 21051 Warner Center Lane, Woodland Hills, CA 91367. Confirmation hearing to be held on 03/24/2015 at |

| | | |
|---|---|---|
| 12/22/2014 | | 09:30 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. Proof of Claim due by 05/05/2015. (Takagi, Tawni) (Entered: 12/22/2014) |
| 12/22/2014 | | Receipt of Voluntary Petition (Chapter 13)(1:14-bk-15604) [misc,volp13] ( 310.00) Filing Fee. Receipt number 38807731. Fee amount 310.00. (re: Doc# 1) (U.S. Treasury) (Entered: 12/22/2014) |
| 12/23/2014 | | Notice of Debtor's Prior Filings for joint debtors Diego P Diloretto and Letitia Jones Diloretto Case Number 11-21204, Chapter 13 filed in California Central Bankruptcy on 09/21/2011 , Dismissed for failure to make plan payments on 11/15/2011. (Admin) (Entered: 12/23/2014) |
| 12/25/2014 | 7 (3 pgs) | BNC Certificate of Notice (RE: related document(s) 6 Meeting (AutoAssign Chapter 13)) No. of Notices: 13. Notice Date 12/25/2014. (Admin.) (Entered: 12/25/2014) |
| 12/25/2014 | 8 (2 pgs) | BNC Certificate of Notice (RE: related document(s) 1 Voluntary Petition (Chapter 13) filed by Debtor Diego P Diloretto, Joint Debtor Letitia Jones Diloretto) No. of Notices: 1. Notice Date 12/25/2014. (Admin.) (Entered: 12/25/2014) |
| 12/25/2014 | 9 (2 pgs) | BNC Certificate of Notice (RE: related document(s) 1 Voluntary Petition (Chapter 13) filed by Debtor Diego P Diloretto, Joint Debtor Letitia Jones Diloretto) No. of Notices: 1. Notice Date 12/25/2014. (Admin.) (Entered: 12/25/2014) |
| | 10 (44 pgs) | Statement of Related Cases (LBR Form 1015-2.1) , Notice of Available Chapters (Notice to Individual Consumer Debtor) (Official Form B201) , Summary of Schedules (Official Form B6 - Pg1) , Statistical Summary of Certain Liabilities (Official Form B6 - Pg2), Schedule A (Official Form B6A) - Real Property , Schedule B (Official Form B6B) - Personal Property , Schedule C (Official Form B6C) - Property Claimed as Exempt , Schedule D (Official Form B6D) - Creditors Holding Secured Claims , Schedule E (Official Form B6E) - Creditors Holding Unsecured Priority Claims , Schedule F (Official Form B6F) - Creditors Holding Unsecured Nonpriority Claims , Schedule G (Official Form B6G) - Executory Contracts and Unexpired Leases , |

| | | |
|---|---|---|
| 01/06/2015 | | Schedule H (Official Form B6H) - Codebtors , Schedule I (Official Form B6I) - Your Income , Schedule J (Official Form B6J) - Your Expenses , Declaration Concerning Debtor's Schedules (Official Form B6) , Statement of Financial Affairs (Official Form B7) , Disclosure of Compensation of Attorney for Debtor (Official Form B203) , Debtor's Certification of Employment Income , Chapter 13 Calculation of Your Disposable Income (Official Form B22C-2) , Verification of Master Mailing List of Creditors - Local Form (LBR 1007-1(d)) Filed by Debtor Diego P Diloretto, Joint Debtor Letitia Jones Diloretto (RE: related document(s)1 Voluntary Petition (Chapter 13)). (Takagi, Tawni) (Entered: 01/06/2015) |
| 01/06/2015 | 11 (8 pgs) | Chapter 13 Plan (LBR F3015-1) Filed by Debtor Diego P Diloretto, Joint Debtor Letitia Jones Diloretto (RE: related document(s)1 Chapter 13 Voluntary Petition . Fee Amount $310 Filed by Diego P Diloretto, Letitia Jones Diloretto Summary of Schedules (Form B6 Pg 1) due 01/5/2015. Schedule A (Form B6A) due 01/5/2015. Schedule B (Form B6B) due 01/5/2015. Schedule C (Form B6C) due 01/5/2015. Schedule D (Form B6D) due 01/5/2015. Schedule E (Form B6E) due 01/5/2015. Schedule F (Form B6F) due 01/5/2015. Schedule G (Form B6G) due 01/5/2015. Schedule H (Form B6H) due 01/5/2015. Schedule I (Form B6I) due 01/5/2015. Schedule J (Form B6J) due 01/5/2015. Declaration Concerning Debtors Schedules (Form B6) due 01/5/2015. Statement of Financial Affairs (Form B7) due 01/5/2015. Chapter 13 Plan (LBR F3015-1) due by 01/5/2015. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form B22C-1) Due: 01/5/2015.Statement of Related Cases due 01/5/2015. Notice of Available Chapters (Form B201) due 01/5/2015. Statistical Summary (Form B6 Pg 2) due 01/5/2015. Disclosure of Compensation of Attorney for Debtor (Form B203) due 01/5/2015. Debtor Certification of Employment Income due by 01/5/2015. Verification of Master Mailing List of Creditors (LBR 1007-1(d)- Local Form) due 01/5/2015. Incomplete Filings due by 01/5/2015.). (Takagi, Tawni) (Entered: 01/06/2015) |
| | 12 (5 pgs) | Rights and responsibilities agreement between chapter 13 debtors and their attorneys Filed by |

| | | |
|---|---|---|
| 01/06/2015 | | Debtor Diego P Diloretto, Joint Debtor Letitia Jones Diloretto. (Takagi, Tawni) (Entered: 01/06/2015) |
| 01/06/2015 | 13 (1 pg) | Declaration Re: Electronic Filing Filed by Debtor Diego P Diloretto, Joint Debtor Letitia Jones Diloretto. (Takagi, Tawni) (Entered: 01/06/2015) |
| 01/06/2015 | 14 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) *Daimler Trust* Filed by Williams, Cheryle. (Williams, Cheryle) (Entered: 01/06/2015) |
| 01/07/2015 | 15 (3 pgs) | Request for special notice Filed by Creditor Caliber Home Loans, Inc. (Jafarnia, Merdaud) (Entered: 01/07/2015) |
| 01/26/2015 | 16 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Schlotter, John. (Schlotter, John) (Entered: 01/26/2015) |
| 01/27/2015 | 17 (23 pgs; 2 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations PERSONAL PROPERTY RE: 2012 Mercedes C250W, VIN WDDGF4HB0CR221095 . Fee Amount $176, Filed by Creditor Daimler Trust (Attachments: # 1 Exhibit A,B,C) (Ith, Sheryl) (Entered: 01/27/2015) |
| 01/27/2015 | | Receipt of Motion for Relief from Stay - Personal Property(1:14-bk-15604-AA) [motion,nmpp] ( 176.00) Filing Fee. Receipt number 39039766. Fee amount 176.00. (re: Doc# 17) (U.S. Treasury) (Entered: 01/27/2015) |
| 01/28/2015 | 18 (13 pgs; 2 docs) | Debtor's notice of section 341(a) meeting and hearing on confirmation of chapter 13 plan with copy of chapter 13 plan Filed by Debtor Diego P Diloretto, Joint Debtor Letitia Jones Diloretto. (Attachments: # 1 Exhibit Chapter 13 Plan) (Takagi, Tawni) (Entered: 01/28/2015) |
| 02/09/2015 | 19 (4 pgs) | Objection to Confirmation of Chapter 13 Plan . (Rojas (TR), Elizabeth (SV)) (Entered: 02/09/2015) |
| 02/11/2015 | 20 (1 pg) | Chapter 13 Trustee Periodic Accounting Report . (Rojas (TR), Elizabeth (SV)) (Entered: 02/11/2015) |
| | 21 | Objection to Confirmation of Plan Filed by Creditor |

| | | |
|---|---|---|
| 02/11/2015 | (41 pgs; 2 docs) | Caliber Home Loans, Inc (RE: related document(s) 11 Chapter 13 Plan (LBR F3015-1) Filed by Debtor Diego P Diloretto, Joint Debtor Letitia Jones Diloretto (RE: related document(s)1 Chapter 13 Voluntary Petition . Fee Amount $310 Filed by Diego P Diloretto, Letitia Jones Diloretto Summary of Schedules (Form B6 Pg 1) due 01/5/2015. Schedule A (Form B6A) due 01/5/2015. Schedule B (Form B6B) due 01/5/2015. Schedule C (Form B6C) due 01/5/2015. Schedule D (Form B6D) due 01/5/2015. Schedule E (Form B6E) due 01/5/2015. Schedule F (Form B6F) due 01/5/2015. Schedule G (Form B6G) due 01/5/2015. Schedule H (Form B6H) due 01/5/2015. Schedule I (Form B6I) due 01/5/2015. Schedule J (Form B6J) due 01/5/2015. Declaration Concerning Debtors Schedules (Form B6) due 01/5/2015. Statement of Financial Affairs (Form B7) due 01/5/2015. Chapter 13 Plan (LBR F3015-1) due by 01/5/2015. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form B22C-1) Due: 01/5/2015.Statement of Related Cases due 01/5/2015. Notice of Available Chapters (Form B201) due 01/5/2015. Statistical Summary (Form B6 Pg 2) due 01/5/2015. Disclosure of Compensation of Attorney for Debtor (Form B203) due 01/5/2015. Debtor Certification of Employment Income due by 01/5/2015. Verification of Master Mailing List of Creditors (LBR 1007-1(d)- Local Form) due 01/5/2015. Incomplete Filings due by 01/5/2015.).). (Attachments: # 1 Exhibit)(Jafarnia, Merdaud) (Entered: 02/11/2015) |
| | 22<br>(5 pgs) | Objection to Confirmation of Plan Filed by Creditor PROF-2013-M4 REO I, LLC, its successors and/or assigns by its servicing agent Fay Servicing, LLC (RE: related document(s)11 Chapter 13 Plan (LBR F3015-1) Filed by Debtor Diego P Diloretto, Joint Debtor Letitia Jones Diloretto (RE: related document(s)1 Chapter 13 Voluntary Petition . Fee Amount $310 Filed by Diego P Diloretto, Letitia Jones Diloretto Summary of Schedules (Form B6 Pg 1) due 01/5/2015. Schedule A (Form B6A) due 01/5/2015. Schedule B (Form B6B) due 01/5/2015. Schedule C (Form B6C) due 01/5/2015. Schedule D (Form B6D) due 01/5/2015. Schedule E (Form B6E) due 01/5/2015. Schedule F (Form B6F) due 01/5/2015. Schedule G (Form B6G) due 01/5/2015. Schedule H (Form B6H) due 01/5/2015. Schedule I |

| | | |
|---|---|---|
| 02/17/2015 | | (Form B6I) due 01/5/2015. Schedule J (Form B6J) due 01/5/2015. Declaration Concerning Debtors Schedules (Form B6) due 01/5/2015. Statement of Financial Affairs (Form B7) due 01/5/2015. Chapter 13 Plan (LBR F3015-1) due by 01/5/2015. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form B22C-1) Due: 01/5/2015.Statement of Related Cases due 01/5/2015. Notice of Available Chapters (Form B201) due 01/5/2015. Statistical Summary (Form B6 Pg 2) due 01/5/2015. Disclosure of Compensation of Attorney for Debtor (Form B203) due 01/5/2015. Debtor Certification of Employment Income due by 01/5/2015. Verification of Master Mailing List of Creditors (LBR 1007-1(d)- Local Form) due 01/5/2015. Incomplete Filings due by 01/5/2015.).). (Silverman, Timothy) (Entered: 02/17/2015) |
| 03/03/2015 | 23 (2 pgs) | Notice Filed by. (Rojas (TR), Elizabeth (SV)) (Entered: 03/03/2015) |
| 03/09/2015 | 24 (3 pgs) | Order Granting Motion for relief from the automatic stay PERSONAL PROPERTY (BNC-PDF) (Related Doc # 17 ) Signed on 3/9/2015 (Gonzalez, Emma) (Entered: 03/09/2015) |
| 03/11/2015 | 25 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)24 Motion for relief from the automatic stay PERSONAL PROPERTY (BNC-PDF)) No. of Notices: 1. Notice Date 03/11/2015. (Admin.) (Entered: 03/11/2015) |
| 03/23/2015 | 26 (3 pgs) | Notice of Requirement to Complete Course in Financial Management (Auto VAN-105) (BNC). (AutoDocket, User) (Entered: 03/23/2015) |
| 03/26/2015 | 27 (4 pgs) | BNC Certificate of Notice (RE: related document(s) 26 Notice of Requirement to Complete Course in Financial Management (Auto VAN-105) (BNC)) No. of Notices: 1. Notice Date 03/26/2015. (Admin.) (Entered: 03/26/2015) |
| 04/06/2015 | 28 | In accordance with the Administrative Order 15-03 dated April 2, 2015, this case is hereby reassigned from Judge Alan M. Ahart to Judge Martin R. Barash. (Saunders, Marissa) (Entered: 04/06/2015) |
| | | |

| | | |
|---|---|---|
| 04/23/2015 | 29 (1 pg) | ORDER and Notice of dismissal arising from chapter 13 confirmation hearing - **Both Debtors** Dismissed. (BNC) (RE: related document(s)6 Meeting (AutoAssign Chapter 13)) (Ogier, Kathy) (Entered: 04/23/2015) |
| 04/25/2015 | 30 (3 pgs) | BNC Certificate of Notice (RE: related document(s) 29 ORDER and Notice of Dismissal arising from Ch 13 Conf. Hrg. (BNC)) No. of Notices: 17. Notice Date 04/25/2015. (Admin.) (Entered: 04/25/2015) |
| 05/29/2015 | 31 (1 pg) | Withdrawal re: *Request for Service* Filed by Creditor Daimler Trust (related document(s)14 Request for courtesy Notice of Electronic Filing (NEF) filed by Creditor Daimler Trust). (Gezel, Ed) (Entered: 05/29/2015) |
| 06/23/2015 | 32 (3 pgs) | Chapter 13 Trustee's Final Report and Account . (Rojas (TR), Elizabeth (SV)) (Entered: 06/23/2015) |
| 06/23/2015 | 33 (1 pg) | Proof of service Filed by. (Rojas (TR), Elizabeth (SV)) (Entered: 06/23/2015) |
| 07/21/2015 | 34 | Bankruptcy Case Closed - DISMISSED. An Order dismissing this case was entered and notice was provided to parties in interest. Since it appears that no further matters are required and that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (Toomer, Rosalind) (Entered: 07/21/2015) |

**PACER Service Center**

**Transaction Receipt**

06/03/2016 09:28:44

| | | | |
|---|---|---|---|
| **PACER Login:** | Pacerwolf:2558381:4814562 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:14-bk-15604-MB Fil or Ent: filed From: 3/4/2000 To: 6/3/2016 Doc From: 0 Doc To: 99999999 Term: |

| | | | |
|---|---|---|---|
| | | | included Format: html Page counts for documents: included |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |